[No. B192395. Second Dist., Div. Seven. Jan. 10, 2007.]

MARIA RAMOS, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Michael P. Judge, Public Defender, Michael Many and John Hamilton Scott, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

Steve Cooley, District Attorney, Lael Rubin, Head Deputy District Attorney, Patrick D. Moran and Shirley S. N. Sun, Deputy District Attorneys, for Real Party in Interest.

## OPINION

**PERLUSS, P. J.**—Penal Code section 859b[1] requires the magistrate to dismiss a felony complaint if a defendant's preliminary hearing is not held within 60 days of the date of the arraignment, plea or reinstatement of criminal proceedings unless the defendant personally waives his or her right to a preliminary hearing within the 60 days. Section 1050.1, which applies in cases in which two or more defendants are jointly charged, requires the trial court or magistrate, when good cause is shown by one defendant to continue his or her arraignment, preliminary hearing or trial, to use the continuance, upon motion of the prosecuting attorney, to constitute good cause to continue the remaining defendants' cases so as to maintain joinder.

Does good cause, attributed from one jointly charged codefendant to another pursuant to section 1050.1, permit the magistrate to set or continue the preliminary hearing for both defendants beyond the 60 days prescribed by section 859b in the absence of a personal waiver of the 60-day rule by both defendants? Because the language in section 859b is mandatory and nothing in section 1050.1, enacted as part of Proposition 115 in 1990, signals an intent to provide a good-cause exception to the strict 60-day rule in section 859b, the answer is no. To hold otherwise would constitute a rewriting of the statutes, a task for the Legislature (or the voters) not for the courts. Accordingly, because Maria Ramos's preliminary hearing was continued at the request of her codefendants to a date more than 60 days after her arraignment, although Ramos had not waived section 859b's 60-day

---

[1] Statutory references are to the Penal Code unless otherwise indicated.

requirement, the superior court should have granted her writ petition and dismissed the amended felony complaint against her. Nonetheless, because Ramos has now personally waived her right to a preliminary hearing within the 60-day period specified in section 859b, her petition for writ of mandate is dismissed as moot.[2]

## PROCEDURAL BACKGROUND

### 1. *The Complaint and Arraignment*

On February 21, 2006 a felony complaint was filed against Ramos alleging she and Dolares Gomez had participated as accessories after the fact (§ 32) in the murder of Anselmo Sanchez Reyes. The same complaint charged Efrain Macias Ramos with Reyes's murder (§ 187) and specially alleged he had personally used a deadly and dangerous weapon, a knife, in committing the offense (§ 12022, subd. (b)(1)).

At Ramos's arraignment on February 21, 2006 the public defender was appointed to represent her; and Ramos pleaded not guilty to the accessory-after-the-fact charge. Ramos's preliminary hearing, together with that of codefendants Efrain Ramos and Gomez, was scheduled for March 3, 2006.

---

[2] After Ramos filed her petition for a writ of mandate in this court requesting an order directing the superior court to dismiss the amended felony complaint, we issued an order to show cause, requested additional briefing and set the matter for oral argument. Thereafter, the trial court conducted Ramos's preliminary hearing and held her to answer on one count under section 32 as an accessory after the fact to a murder. Through counsel Ramos notified us of this development and urged the fact the preliminary hearing had been held did not moot her writ petition. However, shortly before the scheduled date for oral argument appellate counsel for Ramos, who remained in custody pending trial, requested permission to withdraw the pending petition because her new trial counsel had determined "it is not in petitioner's continuing interest to seek an order which would have the effect of terminating the present proceedings." After oral argument, at which both Ramos and the People agreed this court should decide the issue presented by the petition even if the matter had become moot as to Ramos herself, Ramos filed a personal waiver of her right to a preliminary hearing within the 60-day period specified in section 859b. In light of Ramos's waiver, we dismiss the petition. Nevertheless, because issues regarding the proper application of section 859b in multiple-defendant cases are likely to recur but evade review, we exercise our discretion, as requested by the parties, to decide the petition and hold that section 859b's 60-day rule is mandatory and not modified by section 1050.1's joinder principles. (*Conservatorship of Wendland* (2001) 26 Cal.4th 519, 524, fn. 1 [110 Cal.Rptr.2d 412, 28 P.3d 151]; *Alfredo A. v. Superior Court* (1994) 6 Cal.4th 1212, 1219 [26 Cal.Rptr.2d 623, 865 P.2d 56] [Supreme Court decided issue regarding pretrial detention despite petitioner's release from custody because " ' "[p]retrial detention is by nature temporary, and it is most unlikely that any given individual could have his constitutional claim decided on appeal before he is either released or convicted" ' "].)

### 2. *Ramos's Initial Consent to Continue the Preliminary Hearing and Later Opposition to an Additional Continuance; the Amended Complaint*

On March 3, 2006 the preliminary hearing for all three defendants was continued, with Ramos's consent, to April 6, 2006. On April 6, 2006 Efrain Ramos requested an additional four-week continuance of the preliminary hearing on the ground he had just received discovery, in particular tapes and toxicology reports, he needed to review. Ramos opposed any further continuance and, in the alternative, moved to sever her case from that of her codefendants. (Gomez joined in Ramos's objection.) Ramos argued that, if the preliminary hearing were set or continued more than 60 days after her arraignment, dismissal of the complaint against her was required absent her personal waiver of section 859b's 60-day rule. The magistrate (Hon. Jessica Silvers) granted the continuance over Ramos's objection; denied Ramos's motion to sever; and scheduled the preliminary hearing for all three defendants for May 3, 2006. The magistrate reasoned that under section 1050.1 the good cause found for the continuance as to Efrain Ramos could be used to continue the preliminary hearing as to Ramos (and Gomez) more than 60 days after arraignment.

On April 12, 2006 the felony complaint was amended to additionally charge Ramos and Gomez with Reyes's murder and to specially allege they had used a deadly or dangerous weapon, a knife, in committing the offense. Ramos pleaded not guilty to the murder charge and denied the special allegation on May 3, 2006.[3]

### 3. *The Denial of Ramos's Motion to Dismiss*

On April 25, 2006, the first day beyond the 60-day period specified in section 859b,[4] Ramos moved to dismiss the amended felony complaint against her because her preliminary hearing had not been held within 60 days of the date of her February 21, 2006 arraignment. The superior court (Hon. Susan Speer) denied the motion on the same day.

---

[3] Neither Ramos nor the People addressed in the superior court or in this writ proceeding whether section 859b's 60-day period was restarted when Ramos was arraigned on the amended felony complaint. (See Simons, Cal. Preliminary Examinations and 995 Benchbook: Statutes and Notes (2006) The Timing of the Hearing, § 1.1.13, p. 1-11 [suggesting cases in trial setting context holding that an " 'amendment of substance [that] would constitute a new charge' " starts a new time period are applicable in preliminary hearing context as well].) Because the issue was not raised by the parties and Ramos's preliminary hearing ultimately was held more than 60 days after she was arraigned on the amended felony complaint, we leave to another case and another day the question whether an arraignment on an amended felony complaint starts a new 60-day period under section 859b.

[4] Ramos was arraigned on February 21, 2006. Sixty days following that date was April 22, 2006, a Saturday. As a result, Monday, April 24, 2006, was the last day of the 60-day period.

### 4. *The Subsequent Continuances of the Preliminary Hearing and Ramos's Objections; Ramos's Writ Petition in the Superior Court*

On May 3, 2006 the scheduled date for the twice-continued preliminary hearing, both Gomez and Efrain Ramos requested a further continuance of the preliminary hearing: Gomez on the ground she had just obtained new appointed counsel, and Efrain Ramos based on his recent receipt in discovery of additional tapes that needed to be transcribed. Over Ramos's objection, the magistrate (Hon. Jessica Silvers) continued the hearing to June 7, 2006. The magistrate also once again declined to sever Ramos's case from that of her codefendants.

On May 24, 2006 Ramos filed in the superior court a petition for writ of prohibition, seeking an order barring any further proceedings against her on the amended felony complaint and directing the magistrate to dismiss that complaint under section 859b on the ground her preliminary hearing had not taken place within 60 days of the date of her arraignment.[5] According to Ramos, because she had declined to waive her right to a preliminary hearing within 60 days of her arraignment, the magistrate was required to dismiss the complaint against her once the hearing was not held within the statutorily mandated time; and there was no exception to the 60-day rule based on a finding of good cause.

On June 7, 2006 both Efrain Ramos and Gomez requested yet another continuance of the preliminary hearing on the grounds further review of discovery was required and Gomez's counsel was engaged in trial. Ramos again objected. The court found good cause to continue the hearing to June 28, 2006.

On July 7, 2006 the superior court (Hon. David Wesley) entered an order denying Ramos's petition for a writ of prohibition. According to the court, "the goals of a speedy preliminary hearing under Penal Code section 859b are at odds with the joinder provision of section 1050.1" and, therefore, must be "harmonized." The court concluded, "This court finds that [Ramos's] argument that the magistrate erred in finding 'good cause' is without merit

---

[5] Section 871.6 provides, "If in a felony case the magistrate sets the preliminary examination beyond the time specified in Section 859b, in violation of Section 859b, or continues the preliminary hearing without good cause and good cause is required by law for such a continuance, the people or the defendant may file a petition for writ of mandate or prohibition in the superior court seeking immediate appellate review of the ruling setting the hearing or granting the continuance."

because section 1050.1 is the equivalent of a finding of 'good cause' to continue the preliminary hearing as to the nonmoving codefendants. Accordingly, [Ramos] fails to show an abuse of discretion in the magistrate's issuance of an order granting co-defendants' motions to continue the preliminary hearing beyond the 60-day period under Penal Code section 859b."

### 5. *The Filing of the Instant Petition for Writ of Mandate*

On July 18, 2006 Ramos petitioned this court for a writ of mandate compelling the superior court to dismiss the amended felony complaint against her.[6] After obtaining the People's preliminary opposition to the petition, we issued an order to show cause why the requested relief should not be granted.

### 6. *Ramos's Preliminary Hearing and Her Request to Withdraw Her Petition*

On August 30, 2006 Ramos filed a letter brief informing this court that the preliminary hearing for her and her two codefendants had occurred on August 28 and 29, 2006.[7] Ramos and Gomez were held to answer only to the accessory-after-the-fact charge, not to the murder charge. Efrain Ramos was held to answer to the murder charge.

After oral argument was scheduled in this case, Ramos filed a letter requesting permission to withdraw her petition. Oral argument was held, and Ramos subsequently filed a personal waiver of her right to a preliminary hearing within 60 days of her arraignment as specified in section 859b. Both the People and counsel for Ramos have asked that this court decide the issue raised by Ramos's petition notwithstanding her waiver of rights under section 859b, which renders moot her request for extraordinary writ relief.

## CONTENTIONS

Ramos contends, because she did not personally waive the 60-day time limit in section 859b, the magistrate was required to dismiss the amended

---

[6] Code of Civil Procedure section 904.1, subdivision (a), provides, "An appeal, other than in a limited civil case, may be taken from any of the following: [¶] (1) From a judgment, except . . . (C) a judgment granting or denying a petition for issuance of a writ of mandamus or prohibition directed to a municipal court or the superior court in a county in which there is no municipal court or the judge or judges thereof that relates to a matter pending in the municipal or superior court. However, an appellate court may, in its discretion, review a judgment granting or denying a petition for issuance of a writ of mandamus or prohibition, or a judgment or order for the payment of monetary sanctions, upon petition for an extraordinary writ."

[7] Nothing in the record explains why the preliminary hearing was further continued from June 28, 2006 to August 28, 2006.

felony complaint against her when her preliminary hearing was continued more than 60 days after her arraignment. She argues the magistrate improperly used the joinder provisions in section 1050.1 to create an unauthorized exception to the mandate of section 859b.

## DISCUSSION

1. *Ramos Had an Absolute Statutory Right to a Preliminary Hearing Within 60 Days of Arraignment Absent Her Personal Waiver*

 a. *Standard of statutory interpretation*

■ We interpret statutes to ascertain and effectuate the Legislature's intent. (*People v. Standish* (2006) 38 Cal.4th 858, 869 [43 Cal.Rptr.3d 785, 135 P.3d 32] (*Standish*); *People v. Fenton* (1993) 20 Cal.App.4th 965, 968 [25 Cal.Rptr.2d 52] [primary purpose in interpreting a statute is to " 'ascertain the intent of the Legislature so as to effectuate the purpose of the law' "].) " 'In determining such intent, we begin with the language of the statute itself. [Citation.] That is, we look first to the words the Legislature used, giving them their usual and ordinary meaning.' [Citation.]" (*Standish*, at p. 869, first set of brackets in original.) We presume the Legislature knew what it was saying and meant what it said. (*People v. Valdez* (1982) 137 Cal.App.3d 21, 26 [187 Cal.Rptr. 65].) If the words of a statute are clear, we do not add to or alter them to accomplish a purpose that does not appear on the face of the statute or from its legislative history. (*People v. Knowles* (1950) 35 Cal.2d 175, 183 [217 P.2d 1]; *Valdez*, at p. 26.) Only when ambiguity exists do we "examine the context of the statute, striving to harmonize the provision internally and with related statutes, and we may also consult extrinsic indicia of intent as contained in the legislative history of the statute." (*Construction Industry Force Account Council v. Amador Water Agency* (1999) 71 Cal.App.4th 810, 815 [84 Cal.Rptr.2d 139].) In addition, penal statutes are generally construed most favorably to the defendant. (*Fenton*, at p. 968.) The same principles of statutory interpretation also apply to voter initiatives. (*People v. Neely* (2005) 124 Cal.App.4th 1258, 1262 [22 Cal.Rptr.3d 274].)

 b. *Section 859b mandates the dismissal of a complaint against a nonconsenting defendant whose preliminary hearing is set or continued more than 60 days after arraignment*

■ Section 859b governs the timing of a defendant's preliminary hearing and establishes the statutory right, of both the People and the defendant, to a

preliminary hearing at the earliest possible time. In general, a defendant's preliminary hearing must be held within 10 court days of the date the defendant is arraigned or pleads, whichever occurs later. A continuance may be granted if both the defendant and the People waive the 10-court-day period or good cause is found pursuant to section 1050.[8] If the defendant is and has been in custody for 10 or more court days solely on the pending complaint, the magistrate must dismiss the complaint if the preliminary hearing is set or continued beyond the 10-court-day period unless the defendant personally waives his or her right to the 10-court-day period or the prosecution establishes good cause for a continuance. If the preliminary hearing is continued beyond the 10-court-day period, the defendant must be released unless one of six specified conditions is present. The final paragraph of the section creates an outside limit on when the preliminary hearing may be held, the 60-day rule at issue in this case, and establishes the consequence of dismissal when the hearing is set or continued beyond the 60-day period: "The magistrate shall dismiss the complaint if the preliminary examination is set or continued more than 60 days from the date of the arraignment, plea, or reinstatement of criminal proceedings . . . , unless the defendant personally waives his or her right to a preliminary examination within 60 days."[9] (§ 859b, subd. (b).)

---

[8] Good cause under section 1050, subdivision (g)(2), "includes, but is not limited to, those cases involving murder, as defined in subdivision (a) of Section 187, . . . and the prosecuting attorney assigned to the case has another trial, preliminary hearing, or motion to suppress in progress in that court or another court."

[9] Section 859b provides, "At the time the defendant appears before the magistrate for arraignment, if the public offense is a felony to which the defendant has not pleaded guilty in accordance with Section 859a, the magistrate, immediately upon the appearance of counsel, or if none appears, after waiting a reasonable time therefor as provided in Section 859, shall set a time for the examination of the case and shall allow not less than two days, excluding Sundays and holidays, for the district attorney and the defendant to prepare for the examination. . . . [¶] Both the defendant and the people have the right to a preliminary examination at the earliest possible time, and unless both waive that right or good cause for a continuance is found as provided for in Section 1050, the preliminary examination shall be held within 10 court days of the date the defendant is arraigned or pleads, whichever occurs later, or within 10 court days of the date criminal proceedings are reinstated . . . . [¶] Whenever the defendant is in custody, the magistrate shall dismiss the complaint if the preliminary examination is set or continued beyond 10 court days from the time of the arraignment, plea, or reinstatement of criminal proceedings . . . , and the defendant has remained in custody for 10 or more court days solely on that complaint, unless either of the following occur: [¶] (a) The defendant personally waives his or her right to preliminary examination within the 10 court days. [¶] (b) The prosecution establishes good cause for a continuance beyond the 10-court-day period. [¶] For purposes of this subdivision, 'good cause' includes, but is not limited to, those cases involving allegations that a violation of one or more of the sections specified in subdivision (a) of Section 11165.1 or in Section 11165.6 has occurred and the prosecuting attorney assigned to the case has another trial, preliminary hearing, or motion to suppress in progress in that court or another court. Any continuance under this paragraph shall be limited to a maximum of three additional court days. [¶] If the preliminary examination is set or continued beyond the 10-court-day period, the defendant shall be released pursuant to Section 1318 unless: [¶] (1) The defendant requests the setting of continuance of the preliminary examination beyond the 10-court-day

 Under the express language of the statute, the magistrate *shall* dismiss a felony complaint if the preliminary hearing is set or continued more than 60 days after arraignment absent the defendant's personal waiver of the 60-day rule.[10] The Legislature's use of the word "shall" to describe the action to be taken by the magistrate means the statute is absolute: "Ordinarily, the term 'shall' is interpreted as mandatory and not permissive. Indeed, the 'presumption [is] that the word "shall" in a statute is ordinarily deemed mandatory and "may" permissive.' [Citation.]" (*Standish, supra,* 38 Cal.4th at p. 869, first set of brackets in original; *People v. Superior Court (Zamudio)* (2000) 23 Cal.4th 183, 194 [96 Cal.Rptr.2d 463, 999 P.2d 686] [word "shall" ordinarily construed as mandatory, unless such construction would imply an unreasonable legislative purpose].) Moreover, inclusion of the defendant's personal waiver as the only express exception to the 60-day rule suggests the Legislature did not contemplate additional exceptions. (*Standish, supra,* 38 Cal.4th at p. 870 ["the presence of express exceptions ordinarily implies that additional exceptions are not contemplated"].) Thus, the plain language of section 859b's 60-day rule establishes the right to a preliminary hearing within 60 days of arraignment is absolute absent a defendant's personal waiver. (*People v. Mackey, supra,* 176 Cal.App.3d at p. 183 ["In clear, unambiguous language the final paragraph of section 859b, a paragraph separate from the 10-day limit paragraph, states that the complaint *shall* be dismissed if the preliminary examination is set more than 60 days from the arraignment or plea unless the defendant personally waives his right to a preliminary hearing within 60 days. The ordinary import of this language is that, excepting only his own waiver, a defendant has a right to a preliminary hearing within 60 consecutive calendar days from entry of plea or arraignment, whichever is later"].)

In interpreting a related provision in section 859b, the Supreme Court has recently emphasized the mandatory nature of the statute. In *Standish, supra,* 38 Cal.4th 858, the Supreme Court held section 859b's provision entitling a

---

period. [¶] (2) The defendant is charged with a capital offense in a cause where the proof is evident and the presumption great. [¶] (3) A witness necessary for the preliminary examination is unavailable due to the actions of the defendant. [¶] (4) The illness of counsel. [¶] (5) The unexpected engagement of counsel in a jury trial. [¶] (6) Unforeseen conflicts of interest which require appointment of new counsel. [¶] The magistrate shall dismiss the complaint if the preliminary examination is set or continued more than 60 days from the date of the arraignment, plea, or reinstatement of criminal proceedings . . . , unless the defendant personally waives his or her right to a preliminary examination within the 60 days."

[10] A defendant's consent to a continuance within the 60-day period does not toll the running of the 60-day period. (*People v. Mackey* (1985) 176 Cal.App.3d 177, 183–184 [221 Cal.Rptr. 405].)

defendant to be released from custody on his own recognizance, subject to reasonable conditions, when his preliminary hearing is continued for good cause at the People's request beyond the initial 10-day period is mandatory and not subject to the trial court's discretion. (*Standish*, at pp. 866–882.) As the Court explained, "The evident purpose of section 859b supports the view that its provisions are mandatory, rather than permissive. This enactment is one of a number of statutes 'that are supplementary to and a construction of the constitutional right to a speedy trial.' [Citation.] Section 859b 'reflects a clear legislative intention to prevent prolonged incarceration prior to a preliminary hearing.' [Citation.] This statute ' "manifests a legislative policy to *eliminate* the possibility that persons charged with felonies might suffer prolonged incarceration without a judicial determination of probable cause merely because they are unable to post bond in order to gain their freedom." ' [Citation.]" (*Id.* at p. 870.) Mandatory enforcement of the 60-day rule implements the goals of the Legislature and furthers the statutory purpose. Accordingly, on its face section 859b's 60-day rule is absolute and requires dismissal of a felony complaint against a nonconsenting defendant whose preliminary hearing is set or continued more than 60 days from arraignment.

 c. *Section 1050.1 does not create an exception to section 859b's mandatory 60-day rule in cases in which multiple defendants are jointly charged in a single complaint*

 Attempting to avoid the mandatory language of section 859b, the People rely on section 1050.1, a later enacted statute added by the initiative process in 1990 as part of Proposition 115.[11] (See *People v. Arias* (1996) 13 Cal.4th 92, 126, fn. 7 [51 Cal.Rptr.2d 770, 913 P.2d 980] ["Proposition 115, adopted by the voters in June 1990, included several new constitutional and statutory provisions on the subject of joinder and severance"].) Section 1050.1 provides, "In any case in which two or more defendants are jointly charged in the same complaint, indictment, or information, and the court or magistrate, for good cause shown, continues the arraignment, preliminary hearing, or trial of one or more defendants, the continuance shall, upon motion of the prosecuting attorney, constitute good cause to continue the remaining defendants' cases so as to maintain joinder. The court or magistrate shall not cause

---

[11] Proposition 115, known as the "Crime Victims Justice Reform Act," had a stated purpose to " ' "create a system . . . in which violent criminals receive just punishment." ' " (*People v. Barrera* (1993) 14 Cal.App.4th 1555, 1559 [18 Cal.Rptr.2d 395].) A portion of Proposition 115, which provided that certain enumerated rights of criminal defendants would be construed consistently with the United States Constitution and that criminal defendants would be afforded no greater rights under the California Constitution than afforded by the federal Constitution, was invalidated in *Raven v. Deukmejian* (1990) 52 Cal.3d 336 [276 Cal.Rptr. 326, 801 P.2d 1077].

jointly charged cases to be severed due to the unavailability or unpreparedness of one or more defendants unless it appears to the court or magistrate that it will be impossible for all defendants to be available and prepared within a reasonable period of time." (See also Cal. Const., art. I, § 30, subd. (a) ["This Constitution shall not be construed by the courts to prohibit the joining of criminal cases as prescribed by the Legislature or by the people through the initiative process"].) Based on section 1050.1, the People argue the magistrate properly concluded the good cause found to continue the preliminary hearing as to Efrain Ramos was also applicable to Ramos, thereby justifying the continuance of the preliminary hearing as to her in order to maintain joinder of the defendants.

The People's argument suffers from several flaws. As an initial matter, the 60-day rule in section 859b, absent a defendant's personal waiver of the right to a preliminary hearing within 60 days of arraignment, is absolute. Whether or not good cause exists to continue the hearing, absent a personal waiver, the 60-day limit is a bar to extending the hearing date. In this regard, the 60-day provision of section 859b is unlike that section's initial 10-court-day period in which the preliminary hearing is to be held, which may be extended based on a showing of good cause. (See Cal. Judges Benchguide 92: Preliminary Hearings (CJER rev. 2004) § 92.37, Consequences of Untimely Hearing ["The magistrate must dismiss the complaint if the preliminary hearing is not held within 60 calendar days from the date of the arraignment or plea, whichever is later, unless the defendant personally waives the right to a preliminary hearing within 60 days. [Citation.] This rule applies whether or not the defendant is in custody and whether or not good cause exists for the delay"]; see also 2 Rucker & Overland, Cal. Criminal Prac.: Motions, Jury Instructions and Sentencing (2006) Speedy Trial, § 21:14 ["There is no 'good cause' exception to the 60-day rule"].) Indeed, the fact the Legislature included a good-cause exception to the 10-court-day rule in section 859b yet omitted any such exception from the 60-day rule is a strong indication of its intent that a good-cause exception not apply to the 60-day rule.[12] (See *People v. Gardeley* (1996) 14 Cal.4th 605, 621–622 [59 Cal.Rptr.2d 356, 927 P.2d 713] ["When the Legislature has used

---

[12] Although the 10-court-day rule now includes a good-cause exception for a defendant in custody, it previously did not (see Stats. 1977, ch. 1152, § 1, p. 3698) and was interpreted as absolute. (*Johnson v. Superior Court* (1979) 97 Cal.App.3d 682, 686 [159 Cal.Rptr. 899] ["The right [to a preliminary hearing within section 859b's time limits] is absolute and in the absence of a waiver cannot be impinged by the magistrate, even on a showing of good cause. A defendant need neither demand that the preliminary [hearing] be conducted within the 10-day period nor show prejudice, since an affirmative showing of prejudice is not required where the right is absolute or mandatory in nature"].)

a term or phrase in one part of a statute but excluded it from another, courts do not imply the missing term or phrase in the part of that statute from which the Legislature has excluded it"].)

Further evidencing the absence of a good-cause exception to the 60-day rule is section 1387, which specifies when the dismissal of a previously terminated action operates as a bar to further prosecution for the same offense (the two-dismissal rule). Pursuant to section 1387, "if the previous termination was pursuant to Section 859b, 861, 871, or 995, the subsequent order terminating an action is not a bar to prosecution if: [¶] (1) Good cause is shown why the preliminary examination was not held within 60 days from the date of arraignment or plea." (§ 1387, subd. (c)(1).) Section 1387, subdivision (c)(1), thus necessarily recognizes that a felony complaint will be dismissed pursuant to section 859b if the preliminary hearing is not held within 60 days of the arraignment even though good cause existed for setting the preliminary hearing beyond the 60-day limit. Recognizing both the mandatory nature of section 859b's 60-day rule and its potential harshness, section 1387 limits the impact of the mandatory dismissal by providing a good-cause finding prevents a section 859b dismissal from operating as a bar to further prosecution. In·sum, the good cause found to continue the preliminary hearing as to Efrain Ramos (and later as to Gomez, as well) could not be used under the authority of section 1050.1 to extend section 859b's 60-day rule as to Ramos absent her consent (although a proper finding of good cause to continue as to Ramos would have precluded use of the mandatory dismissal as a prior termination under section 1387). To import a good-cause exception into the absolute 60-day rule in section 859b, absent the express direction of the Legislature (or the voters by initiative), would constitute an impermissible rewriting of the statute. (*People v. Knowles*, *supra*, 35 Cal.2d at p. 183; *People v. Valdez*, *supra*, 137 Cal.App.3d at p. 26.)

The People's reliance on *In re Samano* (1995) 31 Cal.App.4th 984 [37 Cal.Rptr.2d 491] (*Samano*) to support their argument section 1050.1 may be used to avoid section 859b's absolute 60-day rule is misplaced. In *Samano*, which involved 33 jointly charged defendants, two defendants requested a continuance of the preliminary hearing beyond the initial 10-court-day period in section 859b. (*Samano*, at p. 988.) On the People's motion under section 1050.1, the preliminary hearing as to all defendants was continued to maintain joinder. (*Samano*, at p. 988.) Two other defendants who had not moved to continue the preliminary hearing then requested release from custody on their own recognizance under section 859b's provision that,"[i]f the preliminary examination is set or continued beyond the 10-court-day period, the defendant shall be released" unless one of six specified conditions is met. (§ 859b, subd. (b).) Although the magistrate denied the requests, on

the defendants' petitions for writs of habeas corpus, the superior court granted the writs and ordered the defendants' release on written promises to appear. (*Samano*, at p. 988.)

In a divided opinion Division Six of this court reversed, finding, "section 859b must be harmonized with section 1050.1 in a multiple-defendant case: The request of one properly joined defendant for a continuance of the preliminary examination with good cause shall be deemed a request of all jointly charged defendants." (*Samano, supra*, 31 Cal.App.4th at p. 993.) According to the court, the magistrate has the discretion, but not the duty, to release from custody a defendant who did not request the continuance. (*Id.* at p. 992.) The court emphasized that the release provisions in section 859b were premised on the People as the initiator of the continuance and "[t]hat codefendants insisted upon a continuance should not inure to the detriment of the People with the nonmoving codefendants as unintended third party beneficiaries."[13] (*Samano*, at p. 989.)

Although we, like Ramos, question the result reached by the *Samano* majority, which appears to have created an unauthorized exception to section 859b's mandatory release provision, we need not decide the propriety of the decision because *Samano* did not consider and, therefore, is not authority for the proposition section 859b's absolute 60-day time limit can be extended absent the personal waiver of a defendant based on a codefendant's request for a continuance of the preliminary hearing.[14] (*Chevron U.S.A., Inc. v. Workers' Comp. Appeals Bd.* (1999) 19 Cal.4th 1182, 1195 [81 Cal.Rptr.2d 521, 969 P.2d 613] [it is "axiomatic that language in a judicial opinion is to be understood in accordance with the facts and issues before the court. An opinion is not authority for propositions not considered"]; *Kinsman v. Unocal Corp.* (2005) 37 Cal.4th 659, 680 [36 Cal.Rptr.3d 495, 123 P.3d 931] [same].) The *Samano* majority found a request of one properly joined codefendant to continue the preliminary hearing beyond the initial 10-court-day period operated as a request of all jointly charged defendants. (*Samano, supra*, 31

---

[13] Presiding Justice Stone dissented, explaining, "I would . . . reject the majority opinion's attempt to 'harmonize' section 1050.1 and section 859b, and leave to the Legislature—or electorate—any further exception to section 859b's mandate. Section 859b means what it says: if a defendant's preliminary hearing is delayed with good cause, the defendant shall be released in the absence of an exception set forth in section 859b. Section 1050.1 gives the prosecution the right to maintain joinder but not to force pre-preliminary examination detention of an in-custody defendant by overriding or limiting the statutory time limits of section 859b." (*Samano, supra*, 31 Cal.App.4th at p. 995 (dis. opn. of Stone, P. J.).)

[14] In *A.A. v. Superior Court* (2003) 115 Cal.App.4th 1, 6 [9 Cal.Rptr.3d 1], Division One of the Fourth Appellate District declined to extend *Samano* to a juvenile case in which two minors had been charged separately but were to be jointly tried, finding application of section 1050.1 to the cause could "eviscerat[e] the time frames that control juvenile proceedings" and require a juvenile who has objected to every continuance of the proceedings to be in custody without a hearing for an extended period.

Cal.App.4th at p. 993.) But, here, the 10-court-day rule, which contains a good-cause exception, is not at issue. The 60-day rule, as discussed, contains no good-cause exception. *Samano* cannot reasonably be interpreted to suggest a defendant who has continuously objected to continuances of the preliminary hearing can be deemed to have personally waived the 60-day rule simply because a codefendant has done so: Any such holding would effectively read the personal waiver requirement out of the statute and eviscerate the 60-day rule. (See *Allen v. Sully-Miller Contracting Co.* (2002) 28 Cal.4th 222, 227 [120 Cal.Rptr.2d 795, 47 P.3d 639] ["Any interpretation [of a statute] that would lead to absurd consequences is to be avoided"].)

Moreover, the focus of the *Samano* majority on the fact the prosecutor in that case had not requested the continuance of the preliminary hearing, and its statement the release provision of section 859b was premised on the People as the initiator of the continuance, is not persuasive in this case. (See generally *Standish, supra,* 38 Cal.4th at p. 872 [quoting *Samano* for the proposition that " '[s]ection 859b, subdivision (b) is premised on the *People* as the initiator of the continuance' " and distinguishing *Samano* on the ground the prosecutor had requested the continuance of the preliminary hearing].) Nothing in section 859b's 60-day rule suggests its sanctions are to apply only when the prosecutor has initiated the continuance of the preliminary hearing (as opposed, for example, to a continuance on the court's own motion). In any event, there was no suggestion in *Samano* the defendants requesting release on their own recognizance objected to the continuance of the preliminary hearing. In this case, in contrast, Ramos repeatedly objected to a continuance of the preliminary hearing and sought to enforce her rights under the 60-day rule. In addition, although the prosecutor did not initiate any of the continuances, it did object to Ramos's motion to sever her case from those of her codefendants. Under these circumstances, as between the People, who could have proceeded against all defendants albeit without the benefits of joinder, and a defendant who has insisted on her speedy trial rights, there is nothing inherently unfair about visiting the consequences of a codefendant's request to continue a preliminary hearing beyond the 60-day period on the People—who would retain their ability to refile charges against Ramos after the mandatory section 859b dismissal. (See *People v. Fenton, supra,* 20 Cal.App.4th at p. 968 [penal statutes generally construed most favorably to defendant].) Here, Ramos's preliminary hearing was held more than four months after the end of section 859b's 60-day period. While we are mindful of the benefits a single trial of properly joined defendants can produce, those benefits should not trump a defendant's speedy trial rights, guaranteed by the California Constitution and effectuated by the absolute language of section 859b.

For similar reasons, the People's reliance on the second sentence of section 1050.1, directing the magistrate not to sever jointly charged cases due to the

unavailability or unpreparedness of one of the defendants unless it appears it will be impossible for all defendants to be available and prepared within a reasonable period of time, is misplaced. This provision, which like the entire section applies to continuances of the trial date itself, as well as arraignment and the preliminary hearing, expresses the section's strong preference that joinder be maintained; confirms that the unpreparedness or unavailability of a defendant, which constitutes good cause to continue the hearing or trial for that defendant, also permits continuance of the preliminary hearing or trial for another jointly charged defendant (an aspect of the attributed good cause recognized in the first sentence); but nonetheless imposes a reasonableness limit on the court's or magistrate's authority to continue jointly charged cases due to the unpreparedness or unavailability of one of the defendants. Here, severance of Ramos's case was required not because her codefendants were unprepared but because her own absolute right to a preliminary hearing within 60 days of arraignment would be violated by a further continuance of the preliminary hearing date. Or phrased somewhat differently, as to Ramos the further extension was necessarily more than "a reasonable period of time" in light of her right to insist on a preliminary hearing within the 60 days mandated by section 859b. Moreover, to interpret the second sentence of section 1050.1 as an unlimited ability of the magistrate to continue proceedings to maintain joinder, as the People suggest, would impermissibly deprive the first sentence of the statute of any meaning. (*People v. Hinks* (1997) 58 Cal.App.4th 1157, 1164 [68 Cal.Rptr.2d 440] ["it is . . . a rule of statutory construction that significance should be given to every word of a statute, if possible, and an interpretation which renders part of the statute surplusage or nugatory should be avoided"].)

Case authority, cited by the People, permitting the continuance of a defendant's preliminary hearing beyond statutory time periods in specific, limited situations even absent his or her express consent does not alter our conclusion that the 60-day rule in section 859b admits of only one exception—the personal waiver of the defendant—and that there is no additional good-cause exception to maintain joinder in consolidated cases with multiple defendants. In *People v. Kowalski* (1987) 196 Cal.App.3d 174 [242 Cal.Rptr. 32], for example, the appellate court concluded a defendant who declined to waive his right to a preliminary hearing within 10 court days of arraignment, yet also refused to proceed without counsel, in effect waived his right to a preliminary hearing within 10 court days because the constitutional right to counsel prevailed over the statutory time requirements for a preliminary hearing. (*Id.* at pp. 179, 181; see generally *Townsend v. Superior Court* (1975) 15 Cal.3d 774, 781 [126 Cal.Rptr. 251, 543 P.2d 619] [defendant's rights of statutory origin " 'merely supplementary to and a construction of the Constitution' "].)

In *Curry v. Superior Court* (1977) 75 Cal.App.3d 221 [141 Cal.Rptr. 884], another appellate court held the time necessarily required to determine the mental capacity of a defendant who insisted on waiving his right to counsel to represent himself is to be excluded in computing the 10-court-day period in section 859b.[15] (*Curry*, at p. 225.) That court determined the defendant's invocation of his right to represent himself required subordinating section 859b to the constitutional right of self-representation, impliedly finding the defendant had waived his right to a preliminary hearing within 10 court days by demanding to represent himself. (*Curry*, at pp. 225–226.) Thus, both *Kowalski* and *Curry* used the defendant's invocation of a constitutional right to effectively find a waiver of statutory rights under section 859b. Neither case stands for the proposition statutory provisions enacted after section 859b may be used to create additional, implied exceptions to section 859b's 60-day rule. And, indeed, in this case, in contrast to both *Kowalski* and *Curry*, Ramos did not invoke any constitutional right that conflicted with her statutory rights under section 859b.[16]

> 2. *Although Ramos's Preliminary Hearing Had Been Held, Dismissal of the Amended Felony Complaint Would Have Been the Appropriate Remedy*

■ Although Ramos's preliminary hearing took place during the pendency of this writ proceeding and she was held to answer to an accessory-after-the-fact charge, nothing in section 859b precludes imposition of its

---

[15] The version of section 859b at issue in *Curry* did not contain a good-cause exception to the 10-court-day rule for a defendant in custody, as the statute does today. (See *Curry v. Superior Court, supra,* 75 Cal.App.3d at p. 223; Stats. 1977, ch. 1152, § 1, pp. 3698–3699.)

[16] Nor do cases determining the 10-court-day rule in section 859b need not be enforced when a defendant is in custody on unrelated charges support the People's contention section 1050.1 can be used to create an additional exception to section 859b's 60-day rule. Plainly, the purpose of section 859b to avoid the prolonged holding of a defendant in custody when he or she has yet to be held to answer on the pending charges does not apply to a defendant who is imprisoned on an unrelated offense. (*Blake v. Superior Court* (1980) 108 Cal.App.3d 244, 248–249 [166 Cal.Rptr. 470] [defendant incarcerated based on sentence for prior conviction was not " 'in custody' " within meaning of 10-court-day rule in section 859b because "[i]nasmuch as the purpose to be served by the mandatory 10-day time limit is to insure that those persons charged with felonies who are unable to post bail are not confined for more than 10 court days without a judicial determination of the existence of probable cause, the phrase 'whenever the defendant is in custody' as used in section 859b must be applied only to those defendants in custodial confinement solely attributable to the charges which are the subject of the preliminary hearing"]; see also *Ng v. Superior Court* (1992) 4 Cal.4th 29, 38 [13 Cal.Rptr.2d 856, 840 P.2d 961]; *People v. Williams* (1987) 194 Cal.App.3d 124, 131 [239 Cal.Rptr. 375] [applying *Blake* to a defendant who had been in custody in the sending state by reason of a prior conviction and demanded to be brought to California on a new charge].)

dismissal sanction once a preliminary hearing has already been conducted: Indeed, a defendant often challenges an alleged violation of section 859b after the preliminary hearing has been held by filing a motion to dismiss the information under section 995. (*Standish, supra,* 38 Cal.4th at pp. 882–888; *People v. Luu* (1989) 209 Cal.App.3d 1399, 1401 [258 Cal.Rptr. 10].)

Moreover, as the Supreme Court has recognized, because section 859b itself provides for dismissal of the complaint as the remedy for a violation of the 60-day rule, no prejudice analysis need be performed to invoke its sanction. (*Standish, supra,* 38 Cal.4th at p. 883 [finding "a failure to grant [own-recognizance] release pending the preliminary examination in violation of section 859b constitutes an error subject to the general test for prejudice because, unlike the absence of counsel, for example, the error is not inherently prejudicial" and "the error is not one for which the pertinent statute itself calls for dismissal—unlike a delay in the preliminary examination beyond the 10-day period without good cause or for more than 60 days without a time waiver"]; see also *Landrum v. Superior Court* (1981) 30 Cal.3d 1, 6 [177 Cal.Rptr. 325, 634 P.2d 352] [violation of 10-court-day rule in section 859b "rendered the resulting commitment of the defendant illegal"]; *Serrato v. Superior Court* (1978) 76 Cal.App.3d 459, 467 [142 Cal.Rptr. 882] [rejecting argument that defendant who was denied right to preliminary hearing within 10-court-day period was required to show prejudice because "affirmative showing of prejudice is not required when the right is absolute or mandatory in nature"].) Accordingly, a defendant whose right to a preliminary hearing within 60 days of arraignment is violated is entitled to dismissal of the felony complaint against him or her.[17] (*People v. Henderson* (2004) 115 Cal.App.4th 922, 931 [9 Cal.Rptr.3d 655] ["As with a violation of the initial 10-day requirement, a violation of the alternative 60-day requirement gives the court 'no other choice than to dismiss' "].)

---

[17] Although dismissal of the amended felony complaint against Ramos would have started the proceedings against her anew, she and the People could have agreed to use the existing amended felony complaint to avoid the need for refiling: "Upon the express consent of both the people and the defendant, in lieu of issuing an order terminating an action the court may proceed on the existing accusatory pleading. For the purposes of Section 1387, the action shall be deemed as having been previously terminated. The defendant shall be rearraigned on the accusatory pleading and a new time period pursuant to Section 859b or 1382 shall commence." (§ 1387.2; see *Robles v. Superior Court* (2003) 110 Cal.App.4th 1510, 1513 [2 Cal.Rptr.3d 861] [when action terminated for delay and People file a new complaint, "second preliminary hearing must be held and the evidence subjected anew to a magistrate's evaluation"; People and defendant can agree to proceed on existing accusatory pleading under § 1387.2 to avoid need for refiling].)

## DISPOSITION

Although the superior court should have granted Ramos's writ petition and entered an order dismissing the April 12, 2006 amended felony complaint against her in case No. LA051609, Ramos's petition in this court is dismissed as moot based on her personal waiver of section 859b's 60-day rule.

Johnson, J., and Woods, J., concurred.

On February 5, 2007, the opinion was modified to read as printed above.