Filed 4/22/13  P. v. Meredith CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>AARON MEREDITH,<br><br>  Defendant and Appellant. | 2d Crim. No. B244503<br>(Super. Ct. No. F476520)<br>(San Luis Obispo County) |

Aaron Meredith appeals from an order committing him to the State Department of State Hospitals (formerly Department of Mental Health) for treatment as a mentally disordered offender (MDO).  (Pen. Code, § 2960 et seq.)[1]  Appellant claims that the evidence does not support the finding that he received 90 days of treatment within a year of his parole or release date (§ 2962, subd. (c)) and asserts that the MDO certification was not timely (§ 2962, subd. (d)(1)).  We affirm.

*Procedural History*

Appellant suffers from a severe mental disorder, schizophrenia, paranoid type, manifested by delusional beliefs, paranoia, auditory hallucinations, and psychomotor agitation.  In 2010 he was sentenced to state prison for carjacking.  (§ 215, subd. (a).)  Doctor Kevin Perry testified that appellant met all the MDO criteria, that the mental disorder was not in remission, and appellant posed a substantial danger to the community.

---

[1] All statutory references are to the Penal Code.

1

*90 Days Treatment*

Doctor Perry was asked whether appellant received the requisite 90 days of treatment before the Board of Parole Hearing.  (§ 2962, subd. (c).)  Over defense objection, Doctor Perry answered "Yes."   Appellant argues a "Yes" answer is hearsay.  However, the question did not ask for a hearsay response.   (Evid. Code, § 1200, subd. (a); see e.g., *People v.* Collins (2010) 49 Cal.4th 175, 214 [questions calling for "yes" or "no" answer are not leading unless unduly suggestive under the circumstances].)  Doctor Perry also stated that appellant was not following the treatment plan which precludes appellant from arguing that the 90-day treatment element was not established.  (*People v. Kirkland* (1994) 24 Cal.App.4th 891, 908-909.)

Citing dicta in *People v. Baker* (2012) 204 Cal.App.4th 1234 (*Baker*), appellant argues that a mental health expert cannot render an opinion in a MDO proceeding based on medical records alone.  We rejected a similar  argument in *People v. Stevens* (Feb. 27, 2013, B241356) __ Cal.App.4th __ [2013 DJDAR 2558] on the ground that medical records are reliable and commonly relied upon by mental health professionals in evaluating and treating patients.[2]  Experts may rely on hearsay in formulating their opinions because it is not offered for the truth of the facts stated but merely as the basis for the expert's opinion.  (*People v. Cooper* (2007) 148 Cal.App.4th 731, 747.)   Doctor Perry interviewed appellant, reviewed the nursing and hospital progress notes, reviewed appellant's medical records and legal history, and spoke to nurses and psychiatric technicians involved in appellant's care.  Doctor Perry's testimony was corroborated by the MDO certification signed by a chief psychiatrist for the California Department of Corrections and Rehabilitation  and two MDO evaluation reports that appellant received more than 90 days of treatment.   Substantial evidence supports the finding that appellant received the requisite 90 days of treatment.  (§ 2962, subd. (c).)

---

[2] Overruling appellant's *Baker* objection, the trial court ruled:  "I can't imagine someone being in a better position than a person with psychological or psychiatric training, such as in this case Dr. Perry, who would be able to look at records or reports about records and discern whether or not certain treatment was indeed exactly for the severe mental disorder."

2

*MDO Certification Date*

Section 2962, subdivision (d)(1) provides that the MDO certification by the California Department of Corrections and Rehabilitation (CDCR) must be occur "[p]rior to [the prisoner's] release on parole."  CDCR certified appellant as an MDO on May 21, 2012, which was appellant's parole release date.   Appellant argues that that the MDO certification must occur no later than the day preceding a prisoner's scheduled release date.  If that was what the Legislature intended, it would have said so.  (See e.g., *People v. Williams* (1999) 77 Cal.App.4th 436, 452  ["when the Legislature intends to prescribe a . . . deadline . . . , it does so expressly and not by implication"]; *Ramos v. Superior Court* (2007) 146 Cal.App.4th 719, 727.)

In *Blakely v. Superior Court* (2010) 182 Cal.App.4th 1445), defendant's parole release date was September 3, 2008 but defendant was not certified as an MDO until a week later on September 10, 2008.  The Court of Appeal held that section 2962 subdivision (d)(1) set a mandatory deadline for the MDO certification.  (*Id.*, at p. 1453.)  "*After [the] parole release date*, the prisoner's 'status as a parolee cannot be questioned.  Upon expiration of his determinate prison term, he had no status other than parolee.' [Citation.]"  (*Id.*, at p. 1455, emphasis added.)

Unlike *Blakely*, appellant was certified on or before his scheduled parole date and was never released from custody.  The trial court correctly found that the MDO certification was timely.  (§  2962, subd. (d)(1); seeCal. Code Regs tit. 15, § 3075.2, subd. (a) ["Inmates shall not be retained beyond their charge date.].)

The judgment (MDO commitment order) is affirmed.

NOT TO BE PUBLISHED.


                                                         YEGAN, J.

We concur:


        GILBERT, P.J.


        PERREN, J.

3

John A. Trice, Judge

Superior Court County of San Luis Obispo

_____

Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, Eric J. Kohm, Deputy Attorney General, for Plaintiff and Respondent.