Filed 12/16/13  P. v. Celaya CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>BRANDON CELAYA,<br><br>    Defendant and Appellant. | 2d Crim. No. B249668<br>(Super. Ct. No. F488044)<br>(San Luis Obispo County) |

Brandon Celaya appeals from an order committing him to the State Department of State Hospitals (formerly Department of Mental Health) for treatment as a mentally disordered offender (MDO).  (Pen. Code, § 2960 et seq.) [1]  Appellant claims that the MDO certification was not timely (§ 2962, subd. (d)(1)).  We affirm.

PROCEDURAL HISTORY

Appellant suffers from bipolar disorder, with severe psychotic features.  In 2011, he was sentenced to three years in state prison for stalking in violation of a court order (§ 646.9).  His earliest scheduled parole release date was January 16, 2013.

On January 8, 2013, two psychologists evaluated appellant and concluded he qualified for MDO treatment.   On January 16, 2013, the chief psychologist of the California Department of Corrections and Rehabilitation (CDCR) certified to the Board

_____

[1] All statutory references are to the Penal Code.

of Parole Hearings (BPH) that appellant met the section 2962 MDO criteria. Appellant was not released on parole.

The BPH determined that appellant met the MDO criteria and sustained the requirement of treatment as a condition of his parole. Appellant filed a petition challenging the BPH's determination. In support of the petition, appellant filed a motion asserting that the CDCR's certification was not timely under section 2962, subdivision (d)(1). The trial court denied the motion. After appellant waived his right to a jury, the court found that appellant met the MDO criteria and ordered him committed for treatment as a condition of his parole. This appeal followed.

DISCUSSION

Appellant contends the commitment order must be reversed because the CDCR did not certify his MDO status "[p]rior to release on parole," as required under section 2962, subdivision (d)(1). We disagree.

Section 2962, subdivision (d)(1) provides that the MDO certification by the CDCR must occur "[p]rior to [the prisoner's] release on parole." CDCR certified appellant as an MDO on January 16, 2013, which was appellant's parole release date. Appellant argues that the MDO certification must occur no later than the day preceding a prisoner's scheduled release date. If that was what the Legislature intended, it would have said so. (See, e.g., *People v. Williams* (1999) 77 Cal.App.4th 436, 452 ["when the Legislature intends to prescribe a . . . deadline . . . , it does so expressly and not by implication"]; *Ramos v. Superior Court* (2007) 146 Cal.App.4th 719, 727.)

In *Blakely v. Superior Court* (2010) 182 Cal.App.4th 1445, defendant's parole release date was September 3, 2008, but defendant was not certified as an MDO until a week later on September 10, 2008. The Court of Appeal held that section 2962 subdivision (d)(1) set a mandatory deadline for the MDO certification. (*Id.* at p. 1453.) "After [the] parole release date, the prisoner's 'status as a parolee cannot be questioned. Upon expiration of his determinate prison term, he had no status other than parolee.' [Citation.]" (*Id.* at p. 1455.)

2

Unlike *Blakely*, appellant was certified on or before his scheduled parole date and was never released from custody.  The trial court correctly found that the MDO certification was timely.  (§ 2962, subd. (d)(1); see Cal. Code Regs., tit. 15, § 3075.2, subd. (a) ["Inmates shall not be retained beyond their discharge date"].)

The judgment (MDO commitment order) is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.


We concur:


GILBERT, P. J.


YEGAN, J.

John A. Trice, Judge

Superior Court County of San Luis Obispo

_____


Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, Eric J. Kohm, Deputy Attorney General, for Plaintiff and Respondent.