Filed 8/21/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| NICHOLAS DEL CASTILLO<br><br>        Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO,<br><br>        Respondent;<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>        Real Party in Interest. | A157306<br><br>(City & County of San Francisco<br> Superior Court No. 230880) |

        Petitioner Nicholas Del Castillo seeks a writ directing the trial court to set aside an information for failure to begin his preliminary hearing within 60 days of his arraignment.  We shall issue the writ.

## BACKGROUND

        On December 27, 2018, a felony complaint was filed against Del Castillo alleging residential burglary with a hot prowl allegation, vandalism, and receiving stolen property. On December 28, 2018, he was arraigned on the complaint, and the preliminary hearing was set for January 10, 2019.   On January 10, the court granted the People's request for a one-day continuance.  On January 11, 2019, Del Castillo waived his right to a preliminary hearing within 10 days, but expressly preserved his right to have the hearing commence within 60 days.  The preliminary hearing was set for February 19, 2019.

        On February 19, 2019, Del Castillo did not appear at the preliminary hearing because he was in custody at San Francisco General Hospital.  His hearing was continued

to February 21, 2019, and again to February 22, 2019. On both days the court stated Del Castillo remained in the hospital. The preliminary hearing was continued to February 26, 2019, the 60th day from Del Castillo's December 28, 2018 arraignment.

On February 26, 2019, Del Castillo was still hospitalized. The court bailiff stated "I called SFGH. He's on 5150 hold still. He is not able to come to court." The court continued the hearing until that same afternoon in order to obtain additional information from the hospital about whether it would be detrimental to bring Del Castillo to court. During the afternoon session, defense counsel reported that she had spoken with Dr. Peters and was informed that no assessment had been made as to whether bringing Del Castillo to court would be detrimental to his mental well-being. The magistrate stated, "I don't have enough information to be able to resolve this," and continued the hearing until February 27. Defense counsel objected on the grounds that Penal Code section 859b[1] requires that the case be dismissed when the preliminary hearing is not held within 60 days of arraignment.

On February 27, 2019, Del Castillo was still hospitalized and did not appear in court. The magistrate reported that she spoke with a Dr. Pratt and based on the information provided by Dr. Pratt, she concluded it would be detrimental to bring Del Castillo to court. The preliminary hearing did not begin until March 1, 2019, at which time, Del Castillo moved for dismissal under section 859b. The magistrate denied the motion. Del Castillo was held to answer on the charges.

On April 2, 2019, Del Castillo moved to set aside the information arguing that he was denied his right to have a preliminary hearing commence within 60 days of arraignment. The court denied Del Castillo's motion finding, "The Court takes judicial notice of what a 51/50 reference is. It means a person is a danger to himself or to others, he's being evaluated. [¶] The Court finds that this is proper good cause. In these circumstances, there was communication with San Francisco SFGH, we . . . don't know

---

[1] All further unspecified statutory references are to the Penal Code.

who, but with the hospital, they said that he can't be transported, that he's on a 51/50 hold . [¶] . . . [¶] The Court finds good cause.  The Court denies the defense's motion to dismiss the information."

Del Castillo now seeks a peremptory writ of prohibition or any other appropriate relief from the court's order denying his motion to set aside the information pursuant to section 995.

On June 20, 2019, we requested an informal opposition to the writ petition and a reply, and issued notice under *Palma v. U.S. Industrial Fasteners Inc.* (1984) 36 Cal.3d 171, 180, that we may issue a peremptory writ in the first instance.

## DISCUSSION

"The magistrate shall dismiss the complaint if the preliminary examination is set or continued more than 60 days from the date of the arraignment, plea, or reinstatement of criminal proceedings pursuant to Chapter 6 (commencing with Section 1367) of Title 10 of Part 2, unless the defendant personally waives his or her right to a preliminary examination within the 60 days."  (§ 859b.)

"[O]n its face section 859b's 60-day rule is absolute and requires dismissal of a felony complaint against a non-consenting defendant whose preliminary hearing is set or continued more than 60 days from arraignment."  (*Ramos v. Superior Court* (2007) 146 Cal.App.4th 719, 730.)  Although section 859b includes a good-cause exception to the 10-court-day rule, there is no exception from the 60-day rule, which indicates the Legislature did not intend a good-cause exception can apply to the 60-day rule.  (*Id.* at p. 731.)

The People do not defend the trial court's finding of good cause for a continuance. Instead, the People argue that the 60-day period was tolled under Welfare and Institutions Code section 4011.6, which provides for the transfer of jailed inmates who may be mentally disordered to a facility for 72-hour treatment and evaluation pursuant to Welfare

3

and Institutions Code section 5150. [2] As discussed below, transfer of an inmate to a facility for a mental health evaluation does not automatically toll a defendant's speedy trial rights under section 859b.

Section 4011.6 states, in relevant part: "If a prisoner is detained in a facility pursuant to those articles of the Welfare and Institutions Code and if the person in charge of the facility determines that arraignment or trial would be detrimental to the well-being of the prisoner, the time spent in the facility shall not be computed in any statutory time requirements for arraignment or trial in any pending criminal or juvenile proceedings. Otherwise, this section shall not affect any statutory time requirements for arraignment or trial in any pending criminal or juvenile proceedings." (§ 4011.6.) The People assert that prior to February 26, 2019, the magistrate reasonably relied upon reports that Del Castillo was hospitalized pursuant to Welfare and Institutions Code section 5150 because he was a danger to himself or to others and therefore the 60-day period was tolled.

Initially, the express tolling language of section 4011.6 refers to "any statutory time requirements for arraignment or trial," and does not specifically reference preliminary hearings. However, even assuming (without deciding) that the statute provides for tolling of the 60-day period applicable to preliminary hearings, the record

---

[2] Welfare and Institutions Code section 5150, subdivision (a) provides: "When a person, as a result of a mental health disorder, is a danger to others, or to himself or herself, or gravely disabled, a peace officer, professional person in charge of a facility designated by the county for evaluation and treatment, member of the attending staff, as defined by regulation, of a facility designated by the county for evaluation and treatment, designated members of a mobile crisis team, or professional person designated by the county may, upon probable cause, take, or cause to be taken, the person into custody for a period of up to 72 hours for assessment, evaluation, and crisis intervention, or placement for evaluation and treatment in a facility designated by the county for evaluation and treatment and approved by the State Department of Health Care Services. At a minimum, assessment, as defined in Section 5150.4, and evaluation, as defined in subdivision (a) of Section 5008, shall be conducted and provided on an ongoing basis. Crisis intervention, as defined in subdivision (e) of Section 5008, may be provided concurrently with assessment, evaluation, or any other service."

4

does not support tolling in this case.   The tolling provisions apply only "if the person in charge of the facility determines that arraignment or trial would be detrimental to the well-being of the prisoner."  (§ 4011.6.)  Here, there is no evidence that anyone made such a determination prior to February 26, 2019.  On February 27, 2019, the 61st day from arraignment, the magistrate stated that she spoke with Dr. Pratt that morning and she determined "it would be detrimental to bring [Del Castillo] to court.  That was the opinion of Dr. Pratt."  There is no evidence in the record that Dr. Pratt was the "person in charge of the facility," but even assuming Dr. Pratt had the requisite authority under section 4011.6, the determination was not made within the 60-day time period proscribed by section 859b.

There is no statutory provision that automatically tolls section 859b's 60-day time period for defendants who are receiving a mental health evaluation.  Section 4011.6 provides for tolling only if a specific determination is made.  Nothing in this record establishes that prior to February 26, 2019, a determination was made that it would be detrimental to Del Castillo's well-being if he was brought to court.  Any such determination made on February 27, 2019, was beyond the permissible 60-day time period.

The People urge the court to remand for further preliminary hearing proceedings under section 995a, to afford the People the opportunity to prove Dr. Pratt's authority.[3]

---

[3] Section 995a, subdivision (b) provides, in relevant part:

(1) Without setting aside the information, the court may, upon motion of the prosecuting attorney, order further proceedings to correct errors alleged by the defendant if the court finds that such errors are minor errors of omission, ambiguity, or technical defect which can be expeditiously cured or corrected without a rehearing of a substantial portion of the evidence. The court may remand the cause to the committing magistrate for further proceedings, or if the parties and the court agree, the court may itself sit as a magistrate and conduct further proceedings. When remanding the cause to the committing magistrate, the court shall state in its remand order which minor errors it finds could be expeditiously cured or corrected.

But the People cite no authority holding section 995a may be used to cure a violation of section 859b. In any event, no purpose would be served by the proposed remand because, as discussed above, the required section 4011.6 determination was not made within the section 859b's 60-day time period.

## DISPOSITION

The accelerated *Palma* procedure (*Palma, supra,* 36 Cal.3d 171) is appropriate here because "petitioner's entitlement to relief is so obvious that no purpose could reasonably be served by plenary consideration of the issue. . . ." (*Ng v. Superior Court* (1992) 4 Cal.4th 29, 35.)

Let a peremptory writ of mandate issue directing respondent superior court to vacate its order of April 19, 2019, denying petitioner's Penal Code section 995 motion, and to issue a new order granting the motion and setting aside the information.

Our decision is immediately final as to this court. (Cal. Rules of Court, rule 8.490(b)(2)(A).)

---

(2) Any further proceedings conducted pursuant to this subdivision may include the taking of testimony and shall be deemed to be a part of the preliminary examination.

_____
Siggins, P. J.

WE CONCUR:


_____
Fujisaki, J.


_____
Petrou, J.

*Del Castillo v. Superior Court*, A153706

7

Trial Court:                                    San Francisco City & County Superior
                                                Court


Trial Judge:                                    Honorable Eric R. Fleming

Counsel:

Manohar Raju, Public Defender, Matt Gonzalez, Chief Attorney, Dorothy Bischoff,
Sierra Villaran, Deputy Public Defenders, for Petitioner.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General,
Jeffrey M. Laurence, Senior Assistant Attorney General, Laurence K. Sullivan,
Supervising Deputy Attorney General, Rene A. Chacon, Supervising Deputy Attorney
General, for Real Parties in Interest.