[No. D043257. Fourth Dist., Div. One. Nov. 25, 2003.]

A.A., Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Steven J. Carroll, Public Defender, and Jo Pastore, Deputy Public Defender, for Petitioner.

No appearance for Respondent.

Bonnie M. Dumanis, District Attorney, Jesus Rodriguez, Assistant District Attorney, Kim-Thoa Hoang and Stephen E. Carr, Deputy District Attorneys, for Real Party in Interest The People.

Mahir T. Sherif for Real Party in Interest A. S.

Donovan & Donovan and Casey Donovan for Real Party in Interest A. B. S.

**OPINION**

**BENKE, Acting P. J.—**

### FACTUAL AND PROCEDURAL BACKGROUND

On October 9, 2003, the People filed a petition alleging 13-year-old A.A. (A.) is a person described in Welfare and Institutions Code section[1] 602, he committed robbery, theft, and assault with a deadly weapon by means of force likely to produce great bodily injury and he was in custody. On October 10 A. denied the charges and the court continued his detention pending further hearing. At the October 30 settlement conference, with the concurrence of A.'s counsel and the attorneys for two co-minors who were alleged to have participated in the offenses, the court confirmed the date of the adjudication hearing[2] was November 3.

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise specified.

[2] We note the juvenile court, the minute orders and the parties use the term "adjudication hearing" for the "jurisdiction hearing" referenced in rules 1485 and 1486 of the California Rules of Court. (All further rule references are to the California Rules of Court.)

On November 3 counsel for two co-minors failed to appear and the attorneys specially appearing for them requested a continuance. A.'s counsel reported for the hearing ready to proceed. The People also were ready to proceed. However, the People asked the court to continue the matter pursuant to Penal Code section 1050.1[3] in lieu of severing the co-minors and argued, among other things, it would be unfair to the victim to proceed with separate trials. After a discussion about severance and other matters,[4] the court continued the adjudication hearing to November 17 over A.'s objection and ordered that A. remain in custody in the interim. A. requested reconsideration on November 6 but the court affirmed its earlier ruling.

A. followed with a petition for writ of habeas corpus and/or prohibition (D043209). Our request for a response was met by a letter from the People advising that they opposed the petition but were unable to respond given the short deadline. We denied the petition.

When the parties appeared for a settlement conference on November 13, the juvenile court allowed recently charged co-minor A.B.S. to substitute retained counsel for his court-appointed attorney. Retained counsel asked the court to continue the adjudication hearing until December 2 or December 9 so that he could prepare. Co-minor A.I.S. agreed to the continuance and a waiver of time but his attorney preferred the December 9 date because of a scheduling conflict. However, A. reported ready and objected to any continuance; alternatively, if the court granted a continuance, A. requested he be released to home supervision. The People also reported ready but stated they would have no objection to a continuance as long as the minors were tried jointly and the People's witnesses could be available on the new date. The court found good cause to continue the adjudication hearing until December 9 but ordered that A. remain in custody.

A. filed this petition for writ of habeas corpus and/or prohibition seeking immediate release from custody. He asserts the court erroneously relied on Penal Code section 1050.1 and improperly continued the hearing more than seven days. A. also faults the court for putting the interests of a co-minor and

---

[3] Penal Code section 1050.1 provides in pertinent part: "In any case in which two or more defendants are jointly charged in the same complaint, indictment, or information, and the court . . . for good cause shown, continues the arraignment, preliminary hearing, or trial of one or more defendants, the continuance shall, upon motion of the prosecuting attorney, constitute good cause to continue the remaining defendants' cases so as to maintain joinder. The court . . . shall not cause jointly charged cases to be severed due to the unavailability or unpreparedness of one or more defendants unless it appears to the court . . . that it will be impossible for all defendants to be available and prepared within a reasonable period of time."

[4] There was discussion about another co-minor, A.B.S., who had been charged that same day (November 3).

the People ahead of his right to a speedy adjudication without considering that the hearing had been already delayed once, the previous judge declined joinder for fear that A.'s case would be delayed even further and A.B.S., the party seeking the continuance, was not in custody. We requested a response.

## DISCUSSION

Section 657, subdivision (a)(1),[5] and rule 1485(b)[6] entitle a detained minor to a jurisdiction hearing within 15 judicial days from the date of the detention order. Continuances may be granted only upon a showing of good cause and only for the period of time shown to be necessary by the moving party. (§ 682, subd. (b); rule 1486(a).) "The court shall continue the hearing for *not to exceed seven days* . . . to make an appointment of counsel, or to enable counsel to acquaint himself or herself with the case . . . ." (§ 700, italics added; see also rule 1486(b)(2)[7].)

The People rely on *In re Samano* (1995) 31 Cal.App.4th 984 (*Samano*) to justify the "all for one and one for all" continuance and take the position that *Samano* creates a rule of joinder applicable to juvenile proceedings under section 675, subdivision (b).[8] In *Samano,* a criminal prosecution involving 33 adult defendants, the trial court granted the request of two of the defendants to continue the preliminary examination, granted the People's Penal Code section 1050.1 motion for a continuance of the hearing as to all defendants, but denied the motion of two other defendants to be released on their own recognizance because the preliminary examination went beyond the 10-court-day statutory limit in Penal Code section 859b. Holding Penal Code section 859b must be harmonized with Penal Code section 1050.1 in a multiple defendant case, the majority concluded, "The request of one properly joined defendant for a continuance of the preliminary examination with good cause shall be deemed a request of all jointly charged defendants." (*Samano, supra,* 31 Cal.App.4th at p. 993.)

---

[5] Section 657, subdivision (a)(1), provides: "In the case of a minor detained in custody at the time of the filing of the petition, the petition must be set for hearing within 15 judicial days from the date of the order of the court directing such detention."

[6] Rule 1485(b) provides: "If the child is detained, the jurisdiction hearing on the petition shall begin within 15 judicial days from the date of the order of the court directing detention. If the child is released from detention before the jurisdiction hearing, the court may reset the jurisdiction hearing within the time limit in subdivision (a) [i.e., within 30 days from the date the petition was filed]."

[7] Rule 1486(b)(2) provides in pertinent part: "The court shall continue the jurisdiction hearing for . . . [n]o more than seven calendar days . . . [f]or appointment of counsel [or] [t]o enable counsel to become acquainted with the case . . . ."

[8] Section 675, subdivision (b), provides: "Hearings for two or more minors may be heard upon the same rules of joinder, consolidation, and severance as apply to trials in a court of criminal jurisdiction."

We reject the notion that Penal Code section 1050.1 applies to this proceeding. First, the plain language of the statute requires that "two or more defendants . . . [be] jointly charged in the same complaint, indictment, or information." (Pen. Code, § 1050.1.) The People filed an individual petition on A. He was not "jointly charged" in the "same" pleading with any other minor.

Second, Penal Code section 1050.1 is not a "joinder" statute, as the People urge. It is, if anything, a "continuance" statute—a statute that provides the People "good cause" to seek a continuance of the entire case when the court grants a continuance to two or more defendants in a jointly charged case. Continuances in juvenile proceedings are, however, controlled by their own set of rules. (See, e. g., rules 1485, 1486; see also §§ 682, 700.) In the case of a detained minor, absent proper grounds for a continuance, the court is required either to release the minor and reset the jurisdiction hearing or proceed with the jurisdiction hearing within the statutory 15-day period. (*In re Edwayne V.* (1987) 197 Cal.App.3d 171, 175 [242 Cal.Rptr. 748].)

Third, applying Penal Code section 1050.1 to this case could result in eviscerating the time frames that control juvenile proceedings. By way of example, if we borrow from *Samano, supra,* 31 Cal.App.4th 984, and deem a request for continuance by one juvenile to be the request of the co-minors, a juvenile like A. who has in reality objected to every continuance, could find himself in custody without a jurisdiction hearing for up to six months. (See rule 1486(d).)

Finally, even if we were to accept the People's position and deem A.B.S.'s request to be A.'s, a continuance to enable A.B.S.'s new counsel to familiarize himself with the case cannot in any event exceed seven days. (§ 700; rule 1486(b)(2).) The court had no authority to grant A.B.S. a 22-day continuance until December 9.

A. has been in custody and has been denied a jurisdiction hearing since October 7. He is entitled to immediate release.[9] (See *In re Edwayne V., supra*, 197 Cal.App.3d at p. 175; rule 1485(d).)

Because the action is unusually urgent, requiring acceleration, a peremptory writ in the first instance is proper. (Code Civ. Proc., § 1088; *Alexander v. Superior Court* (1993) 5 Cal.4th 1218 [23 Cal.Rptr.2d 397, 859 P.2d 96]; *Ng v. Superior Court* (1992) 4 Cal.4th 29, 35 [13 Cal.Rptr.2d 856, 840 P.2d 961].)

---

[9] We do not reach A.'s request that we order the juvenile delinquency petition to be dismissed because A. has not moved for a dismissal below.

Let a writ of prohibition issue directing the superior court to vacate its order of November 13, 2003, enter an order consistent with this opinion and release A. from detention on the charges subject to this petition. This opinion is made final immediately as to this court. (Rule 24(b)(3).)

McIntyre, J., and Aaron, J., concurred.