[No. A108654. First Dist., Div. Three. Aug. 31, 2005.]

In re MAURICE E., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
MAURICE E., Defendant and Appellant.

## COUNSEL

Gene D. Vorbyov, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Laurence K. Sullivan and Martin S. Kaye, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**POLLAK, J.**—Maurice E. appeals from an order of the juvenile court in proceedings under Welfare and Institutions Code[1] section 602 adjudging him to be a ward of the court. He asserts that the order must be reversed because the juvenile court improperly continued the jurisdictional hearing beyond the statutory time limit. We affirm.

### BACKGROUND

On October 1, 2004, a petition was filed alleging that on September 29, 2004, Maurice committed attempted second degree robbery. (Pen. Code, §§ 211, 212.5, subd. (c), 664.) Maurice was taken into custody on September 29, and on October 4 was ordered detained for not more than 15 judicial days. The jurisdictional hearing commenced on October 19, when the victim testified. The victim was able to identify two of the boys who had attacked him, but did not identify Maurice. After the victim's testimony, the court stated, "Let's then discuss what we're going to do next. You have two to three witnesses, Mr. Jhin [the prosecutor]; is that right?" The prosecutor responded, "That's correct" and the court added, "And pursuant to our discussions, you released the two officers; is that right?" The prosecutor stated that one officer was available to testify the following day, but that another was not. The prosecutor stated, "Detective Sappal is unavailable tomorrow due to the fact that his wife just had a baby in the past couple of days, and he is watching the baby. He found alternate child care for today

---

[1] Further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

because I told him it was an absolute emergency, and he simply stated he would not be available at all tomorrow. He will be available starting next Monday." The court then continued the hearing without objection to the following day for the other officer and Maurice's mother to testify. After the two additional witnesses testified on October 20, at the request of the district attorney but over Maurice's objection, the court again continued the hearing, to October 25, finding that there was good cause for the continuance because the second police officer was still unavailable. On October 25, the court sustained the petition. At the disposition hearing on November 5, 2004, the court adjudged Maurice to be a ward of the court and ordered him committed to a county institution for 128 days, with credit for 38 days served in juvenile hall. Maurice timely appealed.

### Discussion

Maurice contends that the juvenile court violated his statutory right to a jurisdictional hearing within 15 judicial days of his detention order and argues that the error requires reversal. Section 657, subdivision (a)(1) provides that "[i]n the case of a minor detained in custody at the time of the filing of the petition, the petition must be set for hearing within 15 judicial days from the date of the order of the court directing such detention." California Rules of Court, rule 1485(b)[2] reiterates this time limit, providing that "[i]f the child is detained, the jurisdiction hearing on the petition shall begin within 15 judicial days from the date of the order of the court directing detention."

A jurisdictional hearing may be continued "only upon a showing of good cause and only for that period of time shown to be necessary." (§ 682, subd. (b); see rule 1486(a).) Rule 1486 is entitled "Grounds for continuance of jurisdiction hearing." Subdivision (a) of that rule provides, in accordance with section 682, subdivision (a), that "A continuance shall be granted only on a showing of good cause and only for the time shown to be necessary." That subdivision concludes, "Absent a waiver of time, a child may not be detained beyond the statutory time limits." Subdivisions (b), (c) and (d) of the rule provide specific grounds for which a court may or must continue a jurisdiction hearing: to allow the minor to prepare for the hearing; to allow the petitioner to subpoena witnesses where the minor has made an admission and then denies it or indicated an intent to admit the allegations and then denies them; or the minor and parent consent.

Maurice argues that the jurisdictional hearing was continued beyond the 15-day limitation, so that the subsequent orders must be reversed and the

---

[2] All rule references are to the California Rules of Court.

petition dismissed. In his opening brief on appeal, Maurice challenged two "continuance orders"—one setting the jurisdictional hearing to commence on October 19 when he had been in custody since September 29, and the second continuing the hearing from October 20 to October 25. In response to the Attorney General's argument, his reply brief prudently discards the first contention. The 15-day period prescribed in both the statute and the rule of court is 15 "judicial" days—i.e., days on which court is required to be in session, which excludes Saturdays, Sundays and legal holidays—and the period begins to run not from the date of arrest but "from the date of the order of the court directing . . . detention." (§ 657, subd. (a)(1).) Maurice's detention hearing was held on October 4, when the detention order was issued, and the commencement of the jurisdiction hearing on October 19 was only 12 judicial days later, well within the permissible time period.

■ At least four questions are presented, however, with respect to Maurice's challenge to the second continuance. Initially, there are two questions not addressed in the briefs of either party. Since the hearing was timely commenced on October 19, it would be plausible to read the statute and the rule as satisfied, regardless of whether there was good cause for delaying the completion of the hearing to October 25, which was the 16th judicial day after October 4. Section 657 provides only that the petition must be "set for hearing" within the 15-day period, and rule 1485(b) requires only that the jurisdictional hearing "begin" within 15 court days. "If the jurisdictional hearing is not *commenced* within 15 days and the 15-day period is not tolled for the minor's failure to appear, the minor is entitled to be released from custody. [Citation.] If the minor is released, the petition may be reset for hearing within the time prescribed for cases of nondetained minors. [Citations.] [¶] If the jurisdictional hearing is not *commenced* and the minor is not released at the expiration of the 15-day period, the petition must be dismissed, unless the hearing is continued pursuant to [current rule 1486]." (*In re Edwayne V.* (1987) 197 Cal.App.3d 171, 174 [242 Cal.Rptr. 748], italics added.) Clearly these provisions do not require that the jurisdictional hearing be completed within 15 days of the detention order. Hearings begun within the 15 day period undoubtedly may proceed from day to day until completed without fear of violating this time limit. Nonetheless, that is not what occurred here. The three-judicial-day interruption of the hearing to await an absent witness might well be characterized as a continuance which is permissible only if authorized by section 682, subdivision (b) and rule 1486. (Cf. *Jeff M. v. Superior Court* (1997) 56 Cal.App.4th 1238, 1243 [66 Cal.Rptr.2d 343] ["Accordingly, we order the juvenile court to conduct trial every court day, all day, without further continuances in the absence of good cause, until trial is concluded and the matter is fully adjudicated"].) Since the parties have not addressed this question, we shall not base our decision upon

it. Without deciding the issue, we shall assume with the parties that the continuance to October 25 comes within the scope of these provisions.

The second issue not addressed by the parties is that rule 1486 unequivocally provides that the minor may not be detained beyond the 15-day limit absent a time waiver by the minor. No such waiver appears in the record. However, Maurice does not refer to or base his argument upon this provision limiting the period of detention. His argument is that the court was not authorized to continue the hearing, not that he was detained longer than permitted. Since Maurice failed to seek immediate writ relief from his extended detention, as he might have done (see *A.A. v. Superior Court* (2003) 115 Cal.App.4th 1, 7 [9 Cal.Rptr.3d 1]), the propriety of having kept Maurice at juvenile hall until October 25 is now moot.

Assuming that the October 20 order continuing the hearing to October 25 was permissible only if authorized by section 682 and rule 1486, the parties disagree about the proper interpretation of these provisions. As noted, *ante*, both provide that a continuance "shall be granted only on a showing of good cause and only for the time shown to be necessary."[3] Maurice argues preliminarily that section 682, subdivision (a) requires a written notice of a motion for a continuance to be served and filed at least two court days before the hearing sought to be continued, and that no such notice was given here. However, subdivision (c) of section 682 and subdivision (a) of rule 1486 permit a motion to be made without complying with these requirements upon a showing of good cause for the failure to comply. Here, the reason for the requested continuance did not exist two days before the hearing. The officer who was to testify had made arrangements for child care and was present when the hearing began on October 19. It was only when the hearing carried over to October 20 that the problem arose, and the trial court implicitly found these circumstances sufficient to excuse compliance with the requirement of advance written notice of the motion. We see no reason to question that determination.[4]

---

[3] Section 682, subdivision (b) reads in full: "A continuance shall be granted only upon a showing of good cause and only for that period of time shown to be necessary by the moving party at the hearing on the motion. Neither stipulation of the parties nor convenience of the parties is, in and of itself, good cause. Whenever any continuance is granted, the facts which require the continuance shall be entered into the minutes."

[4] At oral argument, counsel for Maurice suggested that the court was not justified in finding good cause based only on the representations of counsel concerning the need for the postponement and without receiving competent evidence to establish the underlying facts. The court was well within its authority to rely on the representations of the prosecutor, however, particularly since no objection was made on this basis nor was any question raised as to the reliability of the information the prosecutor provided. (See, e.g., *Stroud v. Superior Court* (2000) 23 Cal.4th 952, 964, fn. 5 [98 Cal.Rptr.2d 677, 4 P.3d 933] [where magistrate recessed preliminary hearing to attend a judicial conference which defendants argued violated the

The principal disagreement between the parties is as to whether section 682 and rule 1486 permit the court to grant a continuance for "general good cause" or only for the reasons specified in subdivisions (b), (c) and (d) of rule 1486. Maurice contends that "[t]he <u>exclusive</u> grounds for finding good cause for a continuance are set out in Rule 1486," none of which apply here. Maurice finds support for his position in *In re Edwayne V., supra,* 197 Cal.App.3d 171, a decision of this court so holding under the provisions that were in effect at that time. The Attorney General contends that subsequent changes to section 682 render *Edwayne V.* "obsolete."

▪ Unlike the statute as it read when *In re Edwayne V., supra,* 197 Cal.App.3d was decided, section 682 and the corresponding rule of court now explicitly use the term "good cause" as the necessary predicate for a continuance.[5] Subdivisions (b), (c), and (d) of rule 1486 refer to unique circumstances in which a continuance is authorized or required by other statutory provisions, but they do not attempt to define all of the myriad circumstances under which a reasonable continuance may be necessary to accommodate other pressing concerns. Such circumstances are to be evaluated under the good cause standard now included in the statute and rule of court. The legislative history of the amendments that were made to section 682 in 1990 does not explicitly address *Edwayne V.* and, in fact, reflects the intention to reduce continuances and eliminate the practice of "juvenile law attorneys continually ask[ing] for continuances because they are not prepared." (Sen. Com. on Judiciary, Analysis of Assem. Bill No. 3216 (1989–1990 Reg. Sess.) Aug. 6, 1990.) Nonetheless, the committee reports make clear that under the new legislation the standard for granting a continuance in juvenile court was to be the same as in "adult court," and that delinquency "cases can only be continued if the moving party demonstrates good cause for the continuance. . . . If the good cause is not shown, the motion must be denied." (Sen. Com. on Judiciary, Analysis of Assem. Bill No. 3216, *supra,* Aug. 6, 1990.) In recommending to the Governor that he sign the bill, the Office of Criminal Justice Planning responded to a concern that had been expressed that the legislation would limit judicial discretion,

___

"one-session" rule of Penal Code section 861 applicable to preliminary hearings, the court noted that "Defendants have also not challenged in this court the Court of Appeal's determination that though section 861 contemplates an *affidavit* of good cause, and though such an affidavit would have been desirable, its absence is not dispositive where the magistrate stated at length, in open court, his reasons for interrupting the hearing, and the veracity of those reasons is not disputed"].)

[5] When *Edwayne V.* was decided, section 682 provided: "(a) Upon request of counsel for the minor, the court may continue any hearing under this chapter beyond the time limit within which the hearing is otherwise required to be held. [¶] (b) In any case in which the minor is represented by counsel and no objection is made to an order continuing any such hearing beyond the time limit within which the hearing is otherwise required to be held, the absence of such an objection shall be deemed a consent to the continuance." (Former § 682, added by Stats. 1971, ch. 698, § 3, p. 1356.)

noting that "under this bill, the court would still have the discretion to grant continuances, with the only limitation that it must be based upon good cause." (Cal. Off. Crim. Justice Planning, Enrolled Bill Rep. on Assem. Bill No. 3216 (1989–1990 Reg. Sess.) prepared for Governor Deukmejian (Aug. 31, 1990) p. 2.) Hence, *Edwayne V.* is no longer good authority for the proposition that the juvenile court may not continue a jurisdictional hearing for circumstances properly deemed to constitute good cause, or "general good cause" as the parties have referred to it. ▮ The determination of whether good cause exists is left to the sound discretion of the trial court. (*In re Lawanda L.* (1986) 178 Cal.App.3d 423, 428 [223 Cal.Rptr. 685] ["The grant or denial of a motion for a continuance rests within the sound discretion of the trial judge"].) Despite Maurice's objection, we do not believe the trial court abused its discretion in determining, after considering the prosecutor's offer of proof, that the importance of the missing officer's testimony and the reason for which the officer was not present were sufficient to constitute such good cause.

Finally, even if the court should not have continued the trial until October 25, Maurice's objection to the continuance was insufficient to require a reversal of the subsequent order establishing jurisdiction. Unlike the situation in *In re Edwayne V., supra*, 197 Cal.App.3d 171, Maurice did not move to dismiss the petition. (See also *A.A. v. Superior Court, supra*, 115 Cal.App.4th at p. 6, fn. 9.) The situation is analogous to that which may arise under Penal Code section 1382, which entitles a criminal defendant to a trial within 60 days of the filing of the charging document. That section, "which supplements the basic constitutional right [to a speedy trial], establishes a protective procedure. It provides that a court 'shall order the action to be dismissed' where, among other things, the defendant is not brought to trial within 60 days after indictment or information, unless good cause is shown or the defendant waives time or consents to trial at a later date. ([Pen. Code,] § 1382, subd. (a).) However, notwithstanding this mandatory language, courts do not have a sua sponte duty to dismiss an action. [Citation.] Rather, . . . consent to a trial beyond the prescribed time limit will be presumed where a defendant fails to take the necessary procedural steps of making a timely objection and thereafter moving to dismiss the action *before* trial commences. [Citations.] Consequently, a violation of [Penal Code] section 1382 may not be raised for the first time either on appeal or in a posttrial petition for writ of habeas corpus if the defendant, who was represented by counsel, failed to object to the trial date and make a timely motion to dismiss after the applicable period expired. . . . [R]equiring an objection and motion to dismiss prevents a defendant from sitting idly before and during trial and then raising a complaint after being convicted. On the other hand, requiring a timely objection and motion to dismiss is consistent with the general requirement

that defendants raise in a timely manner issues that might obviate the need for a trial." (*People v. Williams* (1999) 77 Cal.App.4th 436, 459–460 [92 Cal.Rptr.2d 1].)

The same reasoning applies here. If Maurice had timely moved to dismiss the petition, the juvenile court, if it found the motion meritorious, could have dismissed the petition without prejudice to refiling under rule 1485(d). That rule provides that "Absent a continuance under rule 1486, when a jurisdiction hearing is not begun within [15 judicial days, when the minor is in custody], the court shall order the petition dismissed. This shall not bar the filing of another petition based on the same allegations as in the original petition, but the child shall not be detained." Having failed to move for dismissal in a timely manner, the objection is waived.

### DISPOSITION

The judgment is affirmed.

McGuiness, P. J., and Parrilli, J., concurred.

A petition for a rehearing was denied September 19, 2005, and appellant's petition for review by the Supreme Court was denied December 14, 2005.