Filed 5/16/13  In re B.N. CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re B.N., a Person Coming Under the Juvenile Court Law. | B242032 |
| THE PEOPLE, | (Los Angeles County Super. Ct. No. VJ41586) |
| Plaintiff and Respondent, | |
| v. | |
| B.N., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County. Fumiko Wasserman, Judge.  Affirmed.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Zee Rodriguez and Analee J. Brodie, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Minor B.N. appeals from the juvenile court's order revoking her probation at home. We reject B.N.'s contentions that the court erred by continuing the revocation hearing and by reopening the hearing to allow new evidence. We therefore affirm.

## FACTS AND PROCEDURAL HISTORY

In September 2011, 16-year-old B.N. was declared a ward of the juvenile court after the court found true allegations from two separate petitions (Welf. & Inst. Code, § 602)[1] that B.N. had committed one count each of felony and misdemeanor battery. B.N. was placed in camp custody, but, based on her good behavior there, was changed to probation at home in April 2012. In early May 2012, B.N.'s mother reported to B.N.'s probation officer that her daughter was violating the terms of her probation by disobeying mother and by drinking alcohol. A petition to revoke B.N.'s probation was filed on May 7, 2012. (§ 777.)

When the probation revocation hearing started on Thursday, May 24, 2012, defense counsel told the court that the prosecution had made an offer that would allow B.N. to remain at home on probation. Defense counsel said B.N. was willing to accept the offer but, because her mother was not in court and mother's phone was not working, asked that the court either release B.N. to another family member who could take B.N. to mother's house or trail the hearing until the next court day. Because the court was dark on Friday, and because Monday was a judicial holiday, the next court day would be Tuesday, May 29, 2012. The court declined, stating it would first determine whether B.N. had violated her probation and, if so, consider the proper disposition when mother was available.

The prosecution called Probation Officer Rita Davis to testify about her phone conversations with mother where mother reported B.N. was drinking and being disrespectful. This testimony was allowed in over B.N.'s objection that it did not qualify under section 777, subdivision (c), which allows the use of reliable hearsay at probation

---

[1] All further section references are to the Welfare and Institutions Code.

revocation hearings. Another probation officer testified that he had tried to reach mother by phone four times that day, but had made no other efforts to do so.

After both sides said no more witnesses would be called, the prosecutor asked to continue the matter until the next court day on Tuesday so he could research the hearsay issue. Defense counsel objected that the court had already admitted the disputed evidence, that the hearing had concluded, and that the court should rule on the merits of the petition. The prosecutor replied that "we're still within the period" and he had not had a chance to research the hearsay issue, which arose just an hour earlier. Defense counsel said that the issue should have been raised before the hearing started. The court replied that it could not have been because counsel could not have anticipated mother's nonappearance.

The court then said it wanted to "put on the record that I do have information and I think all counsel are aware of it. . . . [W]e have received a phone call that mother had car trouble. We were hoping for mother to be here and I had indicated if mother had arrived, I would consider releasing [B.N.] to the mother. [¶] The major problem we have in this case is we don't know the mother's position which goes to disposition rather than to the violation. [¶] In other words, we can't really do anything for [B.N.] without the mother." The court decided to continue the hearing to the next court day to allow the prosecution time to research the hearsay issue before closing argument. Defense counsel objected, noting that she had offered to trail the matter, while contending B.N. had a "right to continue a hearing."**2**

When the hearing resumed on May 29, 2012, the prosecutor began by saying: "We left on Thursday with the issue of hearsay at the probation violation. The mother is present today and I know it is absolutely in the court's discretion to allow me to reopen. So rather on the hearsay issue, we would like to call mom to the stand and address the

---

**2**      Respondent submits, and we agree, that the use of the word "continue" in this context was intended to convey the thought that B.N. had the right to have the hearing conclude at that point. We treat counsel's statement, which may have been an error in transcription, as if counsel had said "right to a continuous hearing."

3

violation and, as well, what should happen with B.N. as a result of the violation." Defense counsel objected that there was not good cause for reopening absent testimony from the mother about why she missed the previous hearing. The court disagreed and allowed the prosecution to call the mother as a witness. The mother then testified that even though she did not see B.N. drinking alcohol, B.N. "threw up like if she was drinking," and that mother had smelled alcohol. She also testified that B.N. had been inviting friends over and that when mother came home, she saw cigarettes and marijuana in the house. Mother also testified that B.N. was being disrespectful by calling her "old lady."

Defense counsel renewed her objection to the probation officer's testimony about mother's complaints concerning B.N.'s misconduct. Defense counsel argued once more that mother's statements were not reliable for purposes of the section 777 hearsay exception, and also contended that the probation officer's testimony was insufficient to show a probation violation. Defense counsel then complained that after continuing the hearing to allow the prosecution time to research the hearsay issue, the court allowed the prosecutor to reopen the case without showing good cause and just because "there was an issue as to hearsay evidence being admitted. The defense was objecting and now to make that point moot to let the witness testify so we don't have to address the other situation. I believe that's completely erroneous." Defense counsel ended by complaining that the prosecution had failed to show good cause for the mother's absence on the first day of hearing.

The court found that B.N. had violated her probation, revoked her probation, and ordered that she be suitably placed.

## DISCUSSION

1. *Continuing the Hearing Was Not an Abuse of Discretion*

Section 701.1 provides that at a section 601 or 602 jurisdictional hearing, B.N., or the court on its own motion, may seek to have the petition dismissed for lack of evidence

4

after the prosecution rests. B.N. characterizes her counsel's request on the first hearing date that the court rule on the merits instead of continuing the case so the prosecutor could research the hearsay issue as a motion to dismiss under this section. Based on this, she contends the court erred by granting the continuance instead of ruling on her motion to dismiss, a motion she contends should have been granted because the prosecution introduced inadmissible hearsay that did not support the allegations of the revocation petition.

We see two serious defects in this argument. First, it is doubtful whether section 701.1 – which by its terms is limited to sections 601 and 602 jurisdictional determinations – applies to probation revocation proceedings at all. Second, nothing in that section states that the court may not continue a hearing for good cause before ruling on a motion to dismiss, and B.N. does not contend, much less cite authority, that the juvenile court lacks the power to order a short continuance of a probation revocation hearing in a proper case, or that this was not such a case. We therefore deem the issue waived. (*Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th 691, 699-700 (*Landry*).)

Alternatively, even if we were to reach the issue of whether there was good cause for the continuance, we would affirm. We begin with the fundamental rule of appellate practice that the burden is on the appellant to affirmatively demonstrate error, and that all presumptions are indulged to support the judgment regarding matters as to which the record is silent. (*In re Manuel G.* (1997) 16 Cal.4th 805, 823.) Because the trial court continued the hearing to allow the prosecutor to research the hearsay issue, we presume the trial court was open to reconsidering its ruling that allowed in evidence the probation officer's hearsay testimony concerning her phone conversations with B.N.'s mother. Such a ruling was surely for appellant's benefit. As set forth next, we conclude that the juvenile court had the power to grant a continuance for this purpose.

Section 777 is silent on the topic of continuances. Although several provisions of the Welfare and Institutions Code govern the juvenile court's authority to grant

5

continuances in certain circumstances, none applies here.[3]  Absent any statutory restrictions, we rely on decisions governing a trial court's inherent power to exercise reasonable control over its own proceedings.  (*People v. Sheek* (2004) 122 Cal.App.4th 1606, 1611-1612.)  This power extends to grants of a continuance.  (*State of California ex rel. Public Works Bd. v. Bragg* (1986) 183 Cal.App.3d 1018, 1029.)  We review an order granting a continuance under the abuse of discretion standard.  (*Color-Vue, Inc. v. Abrams* (1996) 44 Cal.App.4th 1599, 1603.)  We see no reason why this power does not include the grant of a continuance of one court day to allow a party to research a legal issue when the court signaled its willingness to reconsider an evidentiary ruling, especially when the ruling might benefit the appellant.[4]  As a result, we conclude that the juvenile court did not abuse its discretion by granting this brief continuance.

Finally, B.N. must show how the court's continuance ruling prejudiced her.  (*In re Maurice E.* (2005) 132 Cal.App.4th 474, 481.)  The closest she comes to addressing this point is her citation to *People v. Braxton* (2004) 34 Cal.4th 798, where the Supreme Court held that the failure to rule on a criminal defendant's new trial motion would be prejudicial if that motion was meritorious as a matter of law.  (*Id.* at pp. 813-818.)  That

---

[3]  Section 682 applies to "any hearing relating to proceedings pursuant to Section 601 or 602," and therefore could extend to probation revocation orders.  However, section 682 applies to only continuances beyond the time limit within which the hearing must be held.  Section 777 hearings must be held within 30 days after a petition is filed.  (§ 777, subd. (b).)  The probation violation notice in this case was filed on May 7, 2012, and the hearing started and concluded within the 30-day time period.  Moreover, B.N. has never contended that the continuance violated her right to have the hearing held within the 30-day limit.  Section 637 provides for continuances at jurisdictional hearings to allow a rehearing when a parent or guardian who did not receive actual notice of the hearing was not present.  Section 702 gives the court the power to order a continuance in order to receive a social study or other evidence in order to make a proper disposition after determining that a B.N. was a ward of the court.  The latter statutes are not material here.

[4]  B.N.'s argument on this point is based on her mother's absence from the first day of hearing, along with the lack of proof that she qualified as an unavailable witness that day.  This argument is based solely on hindsight because, at the time the court ruled, it was unknown whether the mother would appear at the next hearing.

decision did not concern whether the trial court had the authority to briefly continue a new trial motion and is therefore inapplicable. In essence, B.N.'s prejudice argument suffers from the same defect as her primary contention: it fails to address the court's power to continue a hearing under these or any other circumstance. We therefore deem that issue waived. (*Landry, supra,* 39 Cal.App.4th at pp. 699-700.)

Even if we were to reach the issue on the merits, we would find no prejudice, however. The only possible prejudice that resulted was the admission of the mother's nonhearsay testimony in place of the disputed hearsay testimony.[5] B.N. does not contend that her mother's testimony was either inadmissible, irrelevant, or insufficient to sustain the probation revocation order. The delayed introduction of relevant and inculpatory evidence that is admissible cannot constitute prejudicial error. (*In re Chuong D.* (2006) 135 Cal.App.4th 1303, 1311-1312 (*Chuong D.*).)

2.      *Reopening to Let the Mother Testify Was Not an Abuse of Discretion*

B.N. agrees that a court has broad discretion in determining whether to reopen a case to allow more evidence. She relies in part on *People v. Funes* (1994) 23 Cal.App.4th 1506, 1520 (*Funes*), which described four factors to be considered when determining whether a trial court abused its discretion by denying a defense request to reopen a case. These are: (1) the stage of the proceeding; (2) the diligence, or lack thereof, in presenting the new evidence; (3) the prospect that the jury would place undue emphasis on the new evidence; and (4) the significance of the evidence.[6]

B.N. contends that the court abused this discretion because there was no showing that her mother had been unavailable as a witness on the first hearing date or that the prosecution had used reasonable diligence in trying to secure her attendance at that

---

[5]      Respondent contends the probation officer's testimony was sufficiently reliable to be admitted under section 777, subdivision (c). We do not address that issue, and assume for the purposes of our discussion that the court erred by initially admitting that evidence.

[6]      The third factor is not relevant here, where no jury trial occurred.

7

hearing. She fails to address or acknowledge the facts – placed on the record at the first hearing without objection – that the court had been expecting mother to arrive that day, but her car broke down and her phone was not working.[7] The totality of the circumstances justified the court's decision to reopen the case to let the mother testify when she was finally able to appear at the next hearing, and we see no abuse of discretion in having done so.

Finally, as with the continuance issue, B.N. is required to show prejudice from the decision to reopen the case. She complains that without that evidence, the court would have dismissed the petition, because the only other evidence was inadmissible hearsay. As noted earlier, the fact that relevant, inculpatory, and admissible evidence was later allowed in is not prejudicial error. (*Chuong D., supra,* 135 Cal.App.4th at pp. 1311-1312.)

## DISPOSITION

The order revoking B.N.'s probation is affirmed.


                                        RUBIN, J.
WE CONCUR:



        BIGELOW, P. J.                GRIMES, J.




---

[7] These events suggest the court reasonably concluded that factors one and two of the *Funes* test were satisfied. As to the fourth factor, the evidence in question was anticipated by all the parties and would have been received in orderly fashion except for the mother's car troubles. The fact that the evidence was important does not mean that evidence may never be belatedly considered.