Filed 4/3/14  In re F.K. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re F.K., a Person Coming Under the Juvenile Court Law. | C073827 |
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br> v.<br><br>F.K.,<br><br>   Defendant and Appellant. | (Super. Ct. No. JV134443) |

The San Francisco County Juvenile Court found F.K. (the minor) was described by Welfare and Institutions Code section 602[1] in that he committed second degree robbery (Pen. Code, §§ 211/212.5, subd. (c)), assault by means likely to produce great

---

[1] Further undesignated statutory references are to the Welfare and Institutions Code.

1

bodily injury (Pen. Code § 245, subd. (a)(4)), and provided false identification to a police officer, a misdemeanor (Pen. Code § 148.9, subd. (a)). The San Francisco court transferred the case to San Mateo County for disposition, where the minor was already a ward of the juvenile court.

The case was transferred to Sacramento County for disposition after the minor's father moved to Sacramento. The juvenile court adjudged the minor a ward of the court, set the maximum term of confinement at seven years 10 months,[2] ordered the minor to serve 93 days in juvenile hall with 93 days of credit, and approved placement at the Glen Mills facility in Pennsylvania.

The minor timely appeals. He contends the juvenile court in San Francisco erred in declining to dismiss the petition pursuant to California Rules of Court, rule 5.774(d).[3] He further contends the juvenile court in Sacramento erred in failing to stay the term for the assault charge pursuant to Penal Code section 654. We agree with the second contention and shall modify the judgment accordingly.

## FACTUAL AND PROCEDURAL BACKGROUND

*The Crimes*

On the night of December 19, 2012, Andrew Wu was walking through a park in San Francisco when he was approached by a group of five people. A member of the group approached and asked to borrow Wu's cell phone. When Wu refused, the person grabbed him by the jacket while two others punched and kicked him, taking his cell phone, keys, wallet, and jacket.

Wu reported the attack to the police, who arrived within a few minutes. The police tracked the stolen phone to a bus eight blocks from the park. The minor and his

---

[2] This maximum term encompassed charges from other pending petitions not relevant here.

[3] Further undesignated rule references are to the California Rules of Court.

two codefendants were in the back of the bus; Wu's phone was found close to where the three were sitting. One of the three was wearing Wu's jacket. The minor gave a false name when the police asked for identification. Wu identified the three as his assailants.

*Relevant Proceedings*

The section 602 petition was filed on December 21, 2012. The court ordered the minor detained pending pretrial at his initial appearance on December 24, 2012. On January 3, 2013, the minor appeared for the pretrial conference and the court set a contested jurisdiction hearing for January 15, 2013--a date within 15 judicial days of the court's initial detention order, as the minor did not waive time.

On January 14, 2013, the People moved to continue the jurisdiction hearing because the complaining witness was unavailable to testify until January 19, 2013. The juvenile court continued the jurisdiction hearing to January 22, 2013, finding good cause to do so, but denied the minor's request for release. At the beginning of the hearing held on January 22, 2013, the minor moved for release and dismissal of the petition pursuant to rule 5.774(d). The court released the minor, but denied his motion to dismiss.

I

*Motion to Dismiss*

The minor contends the juvenile court erred in denying his motion to dismiss the petition. Because the court did not hold the jurisdictional hearing within 15 judicial days of the court's December 24, 2012, order directing the minor's detention, the minor concludes the court was required to dismiss the petition pursuant to rule 5.774(d).

The minor further asserts the court erred in continuing the hearing because absence of a witness is not a valid ground to continue the hearing under rule 5.776(b) or (c). Thus due to the lack of "proper grounds for a continuance," the minor argues, rule 5.774(d) mandated dismissal due to his continued detention beyond 15 judicial days.

3

A. *The Law*

Rule 5.774 governs the setting of jurisdiction hearings. If a minor is not detained, the rule requires the jurisdiction hearing "must begin within 30 calendar days from the date the petition is filed." (Rule 5.774(a).) If a minor is detained, the jurisdiction hearing "must begin within 15 judicial days from the date of the order of the court directing detention. If the child is released from detention before the jurisdiction hearing, the court may reset the jurisdiction hearing within the time limit in (a)." (Rule 5.774(b).) The remedy for failing to abide by these rules is clear. "Absent a continuance under rule 5.776, when a jurisdiction hearing is not begun within the time limits of (a) and (b), the court must order the petition dismissed. This does not bar the filing of another petition based on the same allegations as in the original petition, but the child must not be detained." (Rule 5.774(d).)

Continuances are governed by rule 5.776. The juvenile court may grant a continuance "only on a showing of good cause and only for the time shown to be necessary." (Rule 5.776(a).) Written notice for the continuance must be filed and served on the parties at least two court days before the scheduled hearing, and, absent a waiver of time, a minor may not be detained "beyond the statutory time limits." (Rule 5.776(a)(1).) If the juvenile court grants the continuance, the supporting facts must be stated in the order. (Rule 5.776(a)(2).) Counsel's failure to object to the continuance implies consent. (Rule 5.776(a)(3).)

The court *must* grant a continuance of no more than seven days for the appointment of counsel, to enable counsel to be acquainted with the case, or to determine whether the minor's parent, adult relative, or guardian can afford counsel. (Rule 5.776(b).) The court *may* grant a continuance of no more than seven days "to enable the petitioner to subpoena witnesses if the child has made an extrajudicial admission and denies it, or has previously indicated to the court or petitioner an intention to admit the

4

allegations of the petition, and at the time set for jurisdiction hearing denies the allegations."  (Rule 5.776(c).)

B.  *Analysis*

Initially, we note that the minor appears to argue that his continued detention from January 15 until January 22 mandated dismissal of the petition *regardless* of the propriety of the "good cause" finding for the continuance granted on January 14.  We address this undeveloped argument only to note that the minor presents no authority supporting the notion that *dismissal* is the remedy for detention beyond 15 judicial days when a continuance is secured for good cause.  Nor do we see any authority supporting the notion that dismissal is mandatory, or even warranted, under this circumstance.

In *In re Kerry K.* (2006) 139 Cal.App.4th 1, cited by the minor in purported support of his argument, we found error in the juvenile court's failure to release the minor from custody despite continuing the jurisdiction hearing for good cause beyond the statutory limits on detention.  (*Id.* at p. 4.)  We did not opine on the remedy for this prolonged detention, much less hold that the remedy was dismissal.  Although we declined to dismiss the case as moot despite the minor's release subsequent to his filing of the writ petition, we concluded only that the minor was entitled to *release*, not that the continuance itself was improper and not that dismissal was required.  (*Id.* at pp. 4-5; see also *In re Maurice E.* (2005) 132 Cal.App.4th 474, 479 (*Maurice E.*) [because the minor "failed to seek immediate writ relief from his extended detention, as he might have done [citation], the propriety of having kept [the minor] at juvenile hall until October 25 is now moot"].)

As we discussed *ante*, the juvenile court originally set the jurisdiction hearing for the detained minor within 15 judicial days of the December 24, 2012, detention order and then continued the case while still within that timeframe, finding what it deemed to be "good cause" to do so.  Rule 5774(d) requires that *absent a continuance* under rule 5.776, when the court does not begin the jurisdiction hearing within the requisite timeframe--

5

here 15 judicial days as the minor was detained--the court must order the petition dismissed. Here, because the court did continue the hearing before its 15 judicial days to do so had expired, the only question remaining is whether the continuance was for good cause as authorized by rule 5.776. If so, the juvenile court did not err when it declined to dismiss the petition, because rule 5774(d) was not violated.

Rule 5.776(a) allows a continuance "on a showing of good cause." This tracks the language of section 682, which states in pertinent part: "A continuance shall be granted only upon a showing of good cause and only for that period of time shown to be necessary by the moving party at the hearing on the motion." (§ 682, subd. (b).) Neither section 682 nor the identical provision in rule 5.776(a) contain any language limiting the definition of "good cause."

We disagree with the minor's contention that good cause for continuing a petition is *limited* to the grounds specified in rule 5.774(b) and (c), which we have set forth *ante*. Section 700, which establishes procedures for the beginning of a hearing on wardship proceedings and appointing counsel for the minor, requires in pertinent part: "The court shall continue the hearing for not to exceed seven days, as necessary to make an appointment of counsel, or to enable counsel to acquaint himself or herself with the case, or to determine whether the parent or guardian or adult relative is unable to afford counsel at his or her own expense, and shall continue the hearing as necessary to provide reasonable opportunity for the minor and the parent or guardian or adult relative to prepare for the hearing." This is the statutory source for rule 5.774(b).

Section 701 is the statutory source for rule 5.774(c), governing the standard of proof and the admissibility of evidence at a wardship hearing; it provides in pertinent part: "When it appears that the minor has made an extrajudicial admission or confession and denies the same at the hearing, the court may continue the hearing for not to exceed seven days to enable the prosecuting attorney to subpoena witnesses to attend the hearing to prove the allegations of the petition."

6

While sections 700 and 701 identify *particular* instances of good cause, each speaking to a specific set of circumstances concerning the subject matter of that *particular* statutory provision, they do not, either on their own or as applied through rule 5.774(b) and (c), limit the broader definition of good cause. Clearly, a juvenile court may continue a jurisdiction hearing pursuant to section 682 and rule 5.776(a) for good cause-- the definition of which is not limited by the specific statutory provisions and their individual illustrations of good cause described by 5.774(b) and (c). (See *Maurice E, supra,* 132 Cal.App.4th at p. 481 [applying nearly identical predecessor to rule 5.776, former rule 1486, and reaching the same conclusion].) The language and statutory sources of rule 5.774(a), (b), and (c) make clear that the grounds for continuing a hearing under (b) and (c) are not the sole sources of good cause for a continuance under rule 5.774(a). Neither the text nor the context of those provisions purports to limit the definition of "good cause." (See *Maurice E.*, *supra*, at pp. 479-480.)

Good cause for a continuance to obtain a witness's testimony requires the moving party to show the exercise of due diligence to secure the witness's attendance, that the expected testimony is material and not cumulative, that the witness's attendance can be obtained within a reasonable time, and that the facts to which the witness would testify could not otherwise be proven. (See *People v. Howard* (1992) 1 Cal.4th 1132, 1171.) Here, the juvenile court continued the hearing to secure the appearance of the victim, whose testimony was material, not cumulative, and constituted facts that could not otherwise be proven. The People contacted the victim two court days after the first hearing date was set to determine his availability for January 15 and 16, 2013. The following day, the People learned that the victim was out of the country and would not return until January 18, 2013, and could not testify until the following day.

Because the People established good cause for the continuance, the juvenile court was within its discretion to continue the hearing. (See *Maurice E.*, *supra*, 132

Cal.App.4th at p. 481 [applying abuse of discretion standard].)  Accordingly, the juvenile court did not err when it declined to dismiss the petition pursuant to rule 5.774(d).

II

*Penal Code section 654*

The minor contends the juvenile court erred when it failed to stay the term for the assault charge when calculating the maximum sentence at the disposition hearing.  The People concede error, and we agree with the parties.

A.  *The Law*

Penal Code section 654 precludes imposition of multiple punishments for conduct that violates more than one criminal statute but that constitutes an indivisible course of conduct.  (*People v. Perez* (1979) 23 Cal.3d 545, 551-552.)  "Whether [Penal Code] section 654 applies in a given case is a question of fact for the trial court, which is vested with broad latitude in making its determination.  [Citations.]  Its findings will not be reversed on appeal if there is any substantial evidence to support them.  [Citations.]  We review the trial court's determination in the light most favorable to the respondent and presume the existence of every fact the trial court could reasonably deduce from the evidence.  [Citation.]"  (*People v. Jones* (2002) 103 Cal.App.4th 1139, 1143.)

"[W]here multiple criminal acts are committed, a defendant can be separately punished only for those that are independent violations committed in pursuit of different criminal objectives.  [Citation.] . . . [¶] . . . [¶]  [W]hen a defendant is responsible for both an assault and robbery, he can be punished for both crimes if the assault was not incident to the robbery and was motivated by a separate criminal objective [citation], but if the assault was committed in order to accomplish the robbery, then the defendant can be punished for only one of the crimes.  [Citations.]"  (*People v. Martinez* (1984) 150 Cal.App.3d 579, 606, disapproved on other grounds in *People v. Hayes* (1990) 52 Cal.3d 577, 628, fn. 10.)

8

B. *Analysis*

Here, there is no evidence the minor had any prior relationship with the victim or any reason to assault him other than to rob him. The minor initiated the encounter by asking the victim for his cell phone. When he declined, the minor and the others beat the victim until they were able to take his cell phone and other property by force--that is, they beat him so that they could rob him.

Because the assault charged in the December 21, 2012, petition was committed solely to effectuate the charged robbery, the term for assault by means likely to produce great bodily injury should be stayed pursuant to Penal Code section 654. The assault charge was a subordinate term with a middle term of three years (Pen. Code, § 245, subd. (a)(4)); thus it constituted one year of the minor's seven-year 10-month maximum term. We will modify his maximum term to six years 10 months.

## DISPOSITION

The disposition order is modified to stay imposition of the term for the Penal Code section 245, subdivision (a)(4) assault charged in the December 21, 2012, petition pursuant to Penal Code section 654, for a maximum term of confinement of six years 10 months. As modified, the judgment is affirmed. The juvenile court is directed to amend its disposition order accordingly and to provide the amended order to the relevant authorities.

                DUARTE   , J.


We concur:


    RAYE    , P. J.


    MURRAY   , J.

9