Filed 10/23/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| KAREEM LACAYO,<br><br>     Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO,<br><br>     Respondent;<br><br>THE PEOPLE,<br><br>     Real Party in Interest. | A160793<br><br>(City & County of San Francisco Super. Ct. No. 232741) |

Petitioner Kareem Lacayo (Lacayo) seeks a writ directing the trial court to set aside an information based on the court's failure to hold his preliminary hearing within 60 days of his arraignment as required by law. The People concede, and we agree, the court erred. We therefore issue a peremptory writ of mandate directing the court to set aside the information.

### FACTUAL AND PROCEDURAL BACKGROUND

On February 24, 2020, Lacayo was arraigned on a complaint charging him with possession of a firearm by a felon and other related felonies. He waived his right under Penal Code section 859b[1] to a preliminary hearing within 10 court days of his arraignment (the 10-court-day rule) but did not

---

[1]    All further, undesignated statutory references are to the Penal Code.

waive his right under the same statute to a preliminary hearing within 60 days of his arraignment (the 60-day rule).

On April 24, after the Governor proclaimed a state of emergency due to the COVID-19 pandemic, the parties appeared in court and announced they were ready to proceed with the preliminary hearing. The trial court acknowledged it was "the 60th day" after arraignment but continued the preliminary hearing to April 28, citing "the unexpected and unprecedented global pandemic" and the lack of prejudice to Lacayo, who had bailed out of custody. Defense counsel objected to the continuance, but the court stated there was "not only good cause" to continue the hearing "but more importantly exceptional, extraordinary circumstances" "given the global pandemic crisis we're in."

At the April 28 preliminary hearing, Lacayo moved to dismiss the case on the ground the trial court violated the 60-day rule. The court denied the motion, stating the lack of prejudice to Lacayo and "extraordinary circumstances" justified the extension. The court proceeded with the preliminary hearing and held Lacayo to answer. The People filed an information on May 5.

On June 18, Lacayo moved to set aside the information under section 995 based on the trial court's violation of the 60-day rule. The People filed a "non-opposition" in which it conceded the 60-day-rule "requires dismissal of the [i]nformation," but asked the court to dismiss the case *without* prejudice and to make a good cause finding for purposes of section 1387 subdivision (c)(1), which provides that a dismissal order does not bar the People from re-filing charges if "good cause is shown why the preliminary examination was not held within 60 days from [arraignment]."

2

On August 5, the trial court denied Lacayo's motion to set aside the information, stating there was good cause to extend the 60-day deadline. In doing so, the court added specific facts to establish good cause by explaining in great detail how the dangers posed by COVID-19 and the ensuing countermeasures severely disrupted court operations.[2]

Lacayo filed a petition for a peremptory writ of prohibition or other relief in our court, challenging the trial court's order denying his motion to set aside the information. We requested an informal opposition and reply, and issued notice under *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 180 (*Palma*) that we may issue a peremptory writ in the first instance.

## DISCUSSION

"The magistrate shall dismiss the complaint if the preliminary examination is set or continued more than 60 days from the date of the arraignment, plea, or reinstatement of criminal proceedings . . . unless the defendant personally waives his or her right to a preliminary examination within the 60 days." (§ 859b.) " '[O]n its face section 859b's 60-day rule is *absolute* and requires dismissal of a felony complaint against a nonconsenting defendant whose preliminary hearing is set or continued more than 60 days from arraignment.' " (*Del Castillo v. Superior Court* (2019) 38 Cal.App.5th

---

[2]     Because the court declined to dismiss the case, it did not decide whether any dismissal would be with or without prejudice under section 1387 subdivision (c)(1). The court noted at the hearing that the prosecution could always re-file charges at least once, and expressed agreement with defense counsel's statement it was "premature to address the issue," which "would be more properly addressed" in the event there was a re-filing and "a second dismissal and an attempt to [re-file] again." The parties do not discuss in any papers submitted to our court whether any dismissal should be with or without prejudice under section 1387 subdivision (c)(1).

1117, 1120, italics added, quoting *Ramos v. Superior Court* (2007) 146 Cal.App.4th 719, 730.) There is no good-cause exception to the 60-day rule: "Although section 859b includes a good-cause exception to the 10-court-day rule, there is no exception from the 60-day rule, which indicates the Legislature did not intend a good-cause exception can apply to the 60-day rule. [Citation.]" (*Del Castillo v. Superior Court*, *supra*, 38 Cal.App.5th at p. 1120.)

Since a state of emergency was declared in March, the Governor and the Chief Justice of California have issued a series of statewide emergency orders extending certain court deadlines in response to the COVID-19 pandemic. (*Bullock v. Superior Court* (2020) 51 Cal.App.5th 134, 141, 142 (*Bullock*).) The People concede the emergency orders did not extend or address the 60-day rule. Further, although the Court of Appeal in *Bullock* held in the context of the pandemic that the time to hold a preliminary hearing may be extended where a "particularized showing" of good cause is made, the *Bullock* court addressed only the *10-court-day rule*—to which the good-cause exception applies—not the 60-day rule, for which there is no good-cause exception. (*Id.* at p. 141.) In other words, the Legislature has already settled California law in favor of a strict bright-line 60-day rule (Stats. 1981, c. 854, pp. 3276-3277, § 1), and neither the emergency orders nor subsequent case law supports the position the trial court took in this case—that a particularized good cause showing could justify extending the preliminary hearing beyond 60 days. We conclude that because the 60-day rule is absolute and there is no good cause exception to the rule, the court should not have continued the preliminary hearing beyond April 24 without a personal waiver from Lacayo, and thereafter erred in denying his motion to set aside the information.

4

## DISPOSITION

The accelerated *Palma* procedure (*Palma, supra*, 36 Cal.3d 171) is appropriate here because "petitioner's entitlement to relief is so obvious that no purpose could reasonably be served by plenary consideration of the issue . . . ." (*Ng v. Superior Court* (1992) 4 Cal.4th 29, 35.) Let a peremptory writ of mandate issue directing respondent superior court to vacate its August 5, 2020 order denying petitioner's section 995 motion, and to issue a new order granting the motion and setting aside the information. Our decision is immediately final as to this court. (Cal. Rules of Court, rule 8.490(b)(2)(A).)

 

_____
Petrou, J.

We concur:


_____
Siggins, P.J.


_____
Fujisaki, J.


*A160793/Lacayo v. Superior Court of City and County of San Francisco*

Trial Court:        San Francisco County Superior Court

Trial Judge:        Hon. Brendan Conroy

Counsel:        Manohar Raju, Public Defender, Matt Gonzalez, Chief Attorney, Dorothy Bischoff and William Helvestine, Deputy Public Defenders, for Petitioner.

        Chesa Boudin, District Attorney, Allison MacBeth and Natalie Fuchs, Assistant District Attorneys, for Real Party in Interest.